J. P. HUTCHINGS TO USE OF N. G. BLACKFORD, Respondent, v. JAMES A. WEEMS et al., Appellants.

*Practice—Parties.*—Suits must be brought in the name of the real parties in interest. A judgment in favor of the assignor of a note to the use of the assignee, should be arrested.

### Appeal from Washington Circuit Court.

J. A. Beal, for appellants.

The suit must be brought and prosecuted in the name of the real party in interest. (R. C. 1855, p. 1217, § 1; Williams & Yeatman, v. Whitlock, 14 Mo. 552; McLaughlin v. McLaughlin, 16 id. 242; Smith v. Kennett, 18 id. 154; 18 id. 564; 19 id. 42; 19 id. 127; 20 id. 417; 31 id. 28.) The suit should have been brought in the name of Blackford, if he was the assignee, and not in the name of Hutchings to his use. The assignment makes the assignee the legal owner and the only party in interest. (Jeffries v. Oliver to use of Bryan, 5 Mo. 433; Brady to use, &c., v. Chandler, 31 id. 28.)

The assignee of a note or account is the party to sue, without joining with him the person for whose benefit the suit is prosecuted. (R. C. 1855, p. 1217, §§ 1 & 2; id. p. 320, §§ 2 & 4.)

D. C. Tuttle, for respondent.

19—VOL. XXXV.

BATES, Judge, delivered the opinion of the court.

This was a suit commenced in a justice's court upon an instrument in the nature of a promissory note. There was judgment in the Circuit Court for the plaintiff, and the defendant moved in arrest of judgment for the reason that the suit was improperly brought in the name of Hutchings to the use of Blackford. The motion was overruled and the defendant appealed. The motion should have been sustained. The law is imperative that suits must be brought in the name of the real parties in interest (excepting the few cases specially provided for by statute).

Judgment will be reversed and the cause remanded to the Circuit Court, where the record can be so amended as to make the real party in interest the plaintiff, if that court find that it should be done in furtherance of justice.

Judges Bay and Dryden concur.