## Lawrence Brewer v. DeWitt H. Dodge and another.

*Equity pleading and practice: Opening decree.* A complainant in a chancery cause cannot complain, on appeal, of the action of the court below in opening a decree by default in his favor, unless it was against his rights, whether otherwise proper or not.

*Default: Opening decree: Discretion.* A decree by default may always be opened within a reasonable time, on showing an adequate excuse; and this must generally be within the sound discretion of the court.

*Parties: Complainant: Assignment: Abatement.* Where it appears from complainant's own showing, in a suit to enforce specific performance of a land contract, that he has conveyed the premises to a third person, he thereby puts himself out of court, and no further proceedings can be had until the rights of his assignee are brought before the court; such a conveyance renders the suit as defective for want of a complainant as if it had abated by his death.

*Equity pleading and practice: Parties: Complainant.* A court of equity must have the real parties before it, and will not permit a party who has voluntarily divested himself of any claim on his own behalf, to continue litigating.

*Equity pleading and practice: Complainant: Assignment: Decree.* Whether the decree would have been right or wrong if the complainant had retained his interest, it was unquestionably right to dismiss the bill when he had shown that he had parted with all his interest.

*Heard November 4. Decided November 5.*

Appeal in Chancery from Van Buren Circuit.

*Richards & Barnum* and *H. F. Severens,* for complainant.

*Hawes & Edson* and *Arthur Brown,* for defendants.

CAMPBELL, J.

The bill in this case is for a specific performance of a parol contract claimed to have been made good by possession and payment in full. A decree was taken for complainant by default at the hearing in April, 1870. This decree was afterwards opened and new testimony taken, and the bill was finally dismissed.

The complainant claims that the decree was unlawfully opened, and could not be disturbed, and also that the last decree is not in accordance with the merits.

If we could look into the merits, we should take time for a full and careful examination of the facts, which are voluminous and conflicting. But we do not perceive that this is possible upon the record.

Assuming that the complainant was in a position to consider himself aggrieved by having the first decree disturbed (which we do not think it necessary to discuss at length), he cannot complain here of that action if it was not against his rights. Whether it would be a void and incompetent proceeding to open a decree and grant a rehearing, in the proper sense of the term, at the time when this decree was opened, so as to make it the duty of an appellate court to restore the first decree, we need not now consider. The application which the court below granted was not made on any such ground. It was nothing more than opening a decree by default,—which may always be done within a reasonable time on showing an adequate excuse; and this must generally be within the sound discretion of the court. The facts showed beyond question that the decree had been in fact waived, and opened by agreement, within a few days after its date, and that arrangements had been made for a further hearing. If there had not been misconduct on the part of complainant's solicitor, the decree would have been vacated by matters appearing on the record. It was a fraud to set it up as an existing decree, and the court could not have allowed it to stand without violating every principle of justice.

It appears from complainant's own showing that in June, 1870, he conveyed the premises in dispute to one Charles E. Ritson. Ritson never made himself a party to the suit. By that conveyance complainant ceased to have any further interest in the controversy. If any one was injuriously affected by any subsequent proceedings, it was Ritson, and not complainant. It was no concern of his after he had sold out all his interest. A court of equity must have the real parties before it, and will not permit a party who has voluntarily divested himself of any claim on his own behalf,

to continue litigating. As soon as a complainant assigns his rights, the suit, as to him, ceases, and becomes as defective for want of a complainant as if it had abated by his death. It can only be restored to activity by bringing the rights of the assignee before the court.— *Webster v. Hitchcock, 11 Mich. R., 56 ; Perkins v. Perkins, 16 Mich., 162.*

The complainant, therefore, was a mere interloper, after the date of his deed, and has no right to complain that his bill was dismissed. He had put himself out of court so far as any rights were concerned. The controversy was no longer his controversy, and the right to pursue it had been terminated as to him, by his own act. He could not proceed alone except for his sole grievances. Whether the decree would have been right or wrong if he had retained his interest, it was unquestionably right to dismiss the bill when the complainant had no interest. He was in the same position then as if his bill had shown on its face that the interest had been parted with before the commencement of suit.

This state of things renders it necessary for us to affirm the decree, without inquiring further into the facts. No state of facts could warrant any decree in favor of a complainant having no right to relief. As he did not see fit to withdraw, he subjected himself to the consequences of prosecuting a claim that did not belong to him.

The decree must be affirmed, with costs.

The other Justices concurred.