J. N. GLENN, for plaintiff in error.

---

SIMMS, for use, etc., *v.* LIDE.

A contract under seal to convey land to another upon the payment by him of a stipulated price, provided such payment be made within six months of the date of the contract, is obligatory if supported by a consideration of five dollars actually paid by the obligee to the obligor. After the former has made his election to pay the stipulated price and has actually tendered the same within the time specified in the contract and demanded a conveyance,

there is no want of mutuality, but both parties are bound absolutely, and specific performance may be enforced at the instance of the obligee suing in behalf of a third person to whom he has sold all his interest in the premises or in the contract sought to be enforced, such assignee being a co-party plaintiff as usee.

June 18, 1894.  Argued at the last term.          *Judgment reversed.*

Petition for specific performance.  Before Judge Richard H. Clark.  DeKalb superior court.  February term, 1893.

The contract sued on was as follows:

"Georgia, DeKalb county.  For and in consideration of the sum of five dollars to me in hand paid, the receipt whereof is hereby acknowledged, I hereby agree and bind myself, my heirs, executors and administrators, to make R. L. Simms a good and sufficient title to the place upon which I now reside [describing it], and I promise to warrant and defend said title against myself, my heirs, executors or administrators, and all persons whomsoever.  Now the making of said title is conditioned as follows: that the said R. L. Simms pay or cause to be paid to me (S. W. Lide, Sr.) the sum of four thousand dollars within six months from date; otherwise this option shall be null and void.  Witness my hand and seal this the 7th day of December, 1889.

"Witness, Lucy H. Pharr.        M. A. Lide (Seal)."

The declaration of Simms for the use of Webster against Mrs. M. A. Lide alleged, that, relying on this contract, he contracted for a valuable consideration to sell Webster the interest Simms had in the land by reason of the contract sued on; that in compliance with his contract with Mrs. Lide, Simms caused the sum of $4,000 to be tendered to her on May 28, 1890, at her residence, and a deed to be demanded; but upon instruction of her husband S. W. Lide, Sr., who was present, she refused to receive the money or to execute the deed. Defendant moved to dismiss the declaration, because: (1) It did not set out that the contract was based on a consideration.  (2) The contract provided that the money was to be paid to S. W. Lide, Sr., and not to defendant.

(3) There was no mutuality in the contract, plaintiff not having signed it. (4) No assignment of the contract to the usee was alleged. The motion was sustained.

HAYGOOD, LOVETT & PLYER and CANDLER & THOMSON, for plaintiff, cited Waterman, Spec. Per. 162–200; 20 *Ga.* 145; 51 *Ga.* 63; 48 *Ga.* 402, 404; 3 *Ga.* 90; 72 *Ga.* 95; 13 *Ga.* 505; 36 *Ga.* 190; 29 *Ga.* 628; 80 *Ga.* 74; 55 *Ga.* 404; 65 *Ga.* 652; Code, §§2739, 2244; 33 Fed. Rep. 530; 1 Lawy. Rep. Ann. 554, 380; 11 *Id.* 148; 21 *Id.* 127; 22 Am. & Eng. Enc. L. 928, note; Story, Eq. 96, 97; 44 N. J. 349.

J. A. ANDERSON and J. S. CANDLER, for defendant, cited Code, §§2629, 2727, 2744, 3186, 3189, 3190, 2739; 73 *Ga.* 570; 75 *Ga.* 353; 33 *Ga. Supp.* 136.