### AUDITOR GENERAL v. KANAAR.

TAXES — PETITION FOR SALE OF DELINQUENT LANDS — ABANDONMENT — AGENCY.

> Upon a rehearing, the circuit court set aside its decree declaring certain taxes invalid upon objections filed to the auditor general's petition for the sale of the delinquent lands, and entered a decree sustaining their validity. During the interval, an employé in the office of the auditor general, without any direction from him, acting upon the assumption that the first decree would stand, charged the taxes back to the county. The board of supervisors thereupon ordered them reassessed upon the same lands. Instead thereof, through some mistake, they were spread upon the entire property of the city. Meanwhile the auditor general had taken an appeal to the Supreme Court, and was pursuing the same in good faith. As soon as he learned of the erroneous action of his employé, he at once notified the county authorities that he had credited the taxes back. *Held,* that the employé's action did not operate as a waiver of the auditor general's right to a rehearing, or an abandonment of the original petition.

Appeal from Muskegon; Russell, J.   Submitted October 5, 1897.   Decided October 25, 1897.

Petition by Stanley W. Turner, auditor general, for the sale of certain lands delinquent for the taxes of 1893. Objections were filed by Roelof Kanaar.   From a decree for petitioner, contestant appeals.   Affirmed.

*Bunker & Carpenter*, for petitioner.

*Arthur Jones, Smith, Nims, Hoyt & Erwin*, and *P. W. Niskern*, for contestant.

GRANT, J.   This case involves the same tax proceedings as those which were involved in *Auditor General* v. *Hutchinson*, 113 Mich. 245, and it is conceded that all the questions raised by the original answer of contestant are ruled by that decision.   Contestant and several other taxpayers now seek to avoid the payment of their taxes, which were, by the former decision, adjudged valid, by showing that the auditor general, in June, 1896, caused all the taxes assessed upon their land for 1893 and other years involved in this proceeding to be rejected, and that under date of June 30, 1896, he caused a statement of taxes so rejected to be made out, and forwarded to the treasurer of Muskegon county, for the purpose of causing such taxes to be reassessed.   A joint petition was filed by the contestants January 9, 1897, setting up this defense. The court entered a decree sustaining the validity of the tax.

The court below, on the first hearing, held the taxes invalid.   Afterwards it granted a rehearing, set aside the first decree, and held the taxes valid.   Between the dates of these two decrees, an employé in the office of the auditor general, without any direction from him, and acting upon the assumption that the first decree would stand, charged the taxes back to the county.   The board of supervisors thereupon ordered them reassessed upon the same lands.   Instead thereof, through some mistake, they

were spread upon the entire property of the city. Meanwhile the auditor general had taken an appeal to this court, and was in good faith pursuing the appeal. As soon as he learned of the erroneous action of his employé, he at once notified the county authorities, November 17, 1896, that he had credited the taxes back. The tax collector proceeded under his warrant, and has collected a portion of the tax thus reassessed. It is contended that the auditor general, by rejecting the taxes, and by the reassessment thereof, waived his right to a rehearing, and in fact abandoned his original petition. If this result must be reached, Mr. Kanaar, the appellant, and his co-contestants, will be relieved of the payment of their taxes for these years, while others have paid.

Counsel rely upon *People* v. *Auditor General*, 9 Mich. 134. This question was not involved in that case, the sole question there being whether a *mandamus* should issue to compel the auditor general to reject taxes which were unlawfully assessed against certain military bounty lands. The action of the employé of the auditor general in charging these taxes back was without authority. As soon as the mistake was discovered, it was corrected. If there be any infirmity in consequence of this action and the subsequent action of the board of supervisors and the assessing officers,—upon which we express no opinion,—it attaches to the tax of 1896, and not to those here in controversy. This is not a case where a complainant has assigned his interest in the subject-matter of the suit, as was the case in *Brewer* v. *Dodge*, 28 Mich. 359.

The decree is affirmed.

The other Justices concurred.