James C. Craver and Stephen W. Dixon, Appellants, vs. Thomas K. Spencer, as Sheriff of Hillsborough County and *ex officio* administrator of the estate of Amon Dixon, deceased, Appellee.

1. An appellate court will of its own motion reverse a decree rendered by the court below in the absence of necessary parties.

2. The assignee of the vendee in a written contract for the conveyance of lands may enforce specific performance thereof as against the vendor, upon compliance with the terms of such contract.

3. Where the vendee and his assignee in a written contract for the conveyance of lands file a bill for specific performance against the vendor, therein alleging that the vendee had sold and transferred to his assignee all his rights and interests in the written contract, and in and to the lands therein described, and the vendee and his assignee not only swear to the bill of complaint, but each as a witness in the case testifies to such transfer, that same was absolute, and that the assignee had paid the vendee the price agreed upon in full, the court of equity is authorized to recognize and enforce such transfer from the vendee to his assignee, not only as between themselves, but as against the vendor, even though such transfer be such as is by the statute of frauds required to be in writing, and it never was reduced to the form of a written contract between the parties.

4. Where the interest of a vendee in a written contract for the sale of lands has been irrevocably and absolutely transferred and assigned to another, such other, or in case of his death,

his heir or representative, is a necessary and indispensable party to a bill filed against the vendor for specific performance of the contract.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*William Hunter*, for Appellants.

*No Appearance* for Appellee.

CARTER, J.:

On September 24, 1889, Amon Dixon and James A. Cox filed their bill in equity in the Circuit Court of Hillsborough county against appellants, alleging, among other things, that in January, 1889, Stephen W. Dixon by his bond under seal executed in the presence of two subscribing witnesses, bound himself to convey by warranty deed in fee simple to Amon Dixon, his heirs or assigns, certain land in said county, upon payment of $150 in two years from the date of said bond; that Amon Dixon thereupon entered into possession of the land and the bond was left in possession of appellant Craver for safe keeping; that in March, 1889, for a valuable consideration Amon Dixon conveyed all his right and interest in the land, and all his rights under the bond to James A. Cox, who thereupon took possession of the land; that in May, 1889, Craver having notice that Amon Dixon had assigned to Cox all his right and interest in said land and bond, without their consent and with intent to defraud them, surrendered the bond to Stephen W. Dixon and procured from the latter a conveyance to him (Craver) of the land embraced therein;

that the bond had never been recorded, and complainants feared that Craver would convey the land to some innocent purchaser, and thereby defeat complainants' rights. The bill prayed, among other things, that appellants be required to deliver to Amon Dixon or James A. Cox, or either of them, the bond for title; that Stephen W. Dixon be required to specifically perform said agreement by conveying the land to Cox, the assignee of Amon Dixon, upon the payment of said sum of $150, the said Cox thereby expressing a willingness and offering to specifically perform the agreement on his part. A decree *pro confesso* was entered against Stephen W. Dixon, but Craver filed an answer, among other things, admitting that at the request of Stephen W. and Amon Dixon he had drawn a bond for title from the former to the latter, and that it was left in his possession by consent of all parties; alleging that the land described in the bond for title embraced only one-half of that claimed in the bill, and that the amount to be paid by Amon Dixon was $175 and not $150, as alleged in the bill. The answer admitted that Amon Dixon took possession of the land described in the bond, but denied that Craver was ever informed by Amon Dixon or any one else prior to his purchase of the land from Stephen W. Dixon, that Amon Dixon had assigned his rights under the bond to James A. Cox. Upon information and belief the answer denied that any agreement in writing between Amon Dixon and James A. Cox was ever made as alleged in the bill, and also denied that Cox was ever in possession of the land as alleged. The answer alleged that in May, 1889, by consent and authority of Amon Dixon, and without notice of any equities claimed by Cox, Craver surrendered to Stephen W. Dixon the bond for title left in his possession and purchased from the latter all the land described in the bill, for which he

took a deed and placed same upon record, and that he thereupon took possession of the land. Upon filing this answer the bill was amended by attaching as an exhibit a copy of the deed from Stephen W. Dixon and wife to Craver, and by adding a prayer that said deed be delivered up and cancelled. To the answer a replication was filed, and thereafter a master was appointed to take testimony. On August 4, 1892, an order was made transferring the cause to the Circuit Court of Orange county, in the Seventh Judicial Circuit, on account of the disqualification of the Hon. George B. Sparkman, then Judge of the Sixth Circuit; but the papers do not appear to have ever been forwarded to Orange county, and all subsequent orders while made by Judge Broome of the Seventh Circuit, are entitled as of the Circuit Court of Hillsborough county, and purport to be made by Judge Broome *pro hac vice.* On August 16, 1894, the attorneys for complainants suggested the death of Amon Dixon and James A. Cox, filed a certified copy of an order of the County Judge of Hillsborough county dated August 7, 1894, committing administration of the estate of Amon Dixon, deceased, to Thomas K. Spencer, *ex officio* as sheriff of said county, and thereupon moved the court for leave to revive the suit in the name of Thomas K. Spencer as sheriff and *ex officio* administrator of the estate of Amon Dixon, deceased, as one of the complainants, and to amend the bill. This motion was granted, and the bill was amended by striking out that portion of the prayer for a conveyance to Cox, and substituting therefor a prayer for a conveyance "to your orator Amon Dixon, or your orator James A. Cox, his assignee, * * * as your orator may elect, your orators being ready and willing and hereby offering specifically to perform the said agreement on their part, and upon the said defendant Stephen W. Dixon making a good

and sufficient title to the said premises, and executing a proper conveyance to one of your orators pursuant to the terms of the agreement, to pay to said defendant the residue of said purchase money." On the same day the cause was heard upon the bill, answer of Craver, replication thereto, testimony taken in the cause, and decree *pro confesso* against Stephen W. Dixon, and without making the representative or heirs of James A Cox, deceased, a party, a final decree was rendered finding the equities of the cause with appellee as to that part of the premises described in the bill which were admitted by the answer of Craver to have been included in the bond for title from Stephen W. to Amon Dixon, directing the appellants to deliver up to appellee the bond for title, requiring Stephen W. Dixon upon tender to him or his solicitor of $75 to execute and deliver to appellee as administrator, a deed conveying said land; directing that a writ of possession issue on application of appellee or his assigns for possession of the premises, and decreeing that the deed from Stephen W. Dixon and wife to Craver be cancelled and made void in so far as it purported to convey the land described in the decree; that appellants be forever enjoined from conveying or otherwise disposing of said land, and that appellee recover from appellants the costs of suit, for which execution was directed to issue. From this decree appellants entered their appeal, and here insist that the decree was not sustained by the evidence.

In Greeley v. Hendricks, 25 Fla. 366, 2 South. Rep. 620, we held that this court will of its own motion reverse a decree rendered by the court below in the absence of necessary parties, and this decision has been frequently followed in other cases. Lyon v. Register, 36 Fla. 273, 18 South. Rep. 589; Nelson v. Haisley, 39 Fla. 145, 22 South. Rep. 265. The bill of complaint in

this case alleged that Amon Dixon had sold and trans-
ferred to James A. Cox all his rights and interests in
the bond for title given him by Stephen W. Dixon and
in and to the land described therein.   The bill was signed
and sworn to by Amon Dixon and James A. Cox, and
they each by depositions taken upon written interroga-
tories propounded to them as witnesses in the case, testi-
fied that the transfer and assignment was absolute; that
Cox had paid Amon Dixon the consideration therefor
in full, and Amon Dixon stated that he had given Cox a
written receipt showing full payment for the land.   Even
if this transfer be such as is by the Statute of Frauds
required to be in writing, the facts stated are entirely
sufficient to authorize the recognition and enforcement
of such assignment by a court of equity as against the
parties themselves, and the appellants.   Cheney v. Bilby,
20 C. C. A. 291, 74 Fed. Rep. 52; Pomeroy on Specific
Performance of Contracts, §140.   The assignee of the
vendee in a written contract for the conveyance of lands,
may enforce specific performance thereof as against the
vendor, upon complying with the terms of such con-
tract.   Currier v. Howard, 14 Gray, 511; Hanna v. Wil-
son, 3 Gratt. 243, S. C. 46 Am. Dec. 190; Miller v. Bear,
3 Paige, 466; Hays v. Hall, 4 Port. (Ala.) 374, S. C. 30
Am. Dec. 530; Simms v. Lide, 94 Ga. 553, 21 S. E. Rep.
220; Dodge v. Miller, 81 Hun, 102, 30 N. Y. S. 726;
Cheney v. Bilby, 20 C. C. A. 291, 74 Fed. Rep. 52;
Pomeroy on Specific Performance of Contracts, §487.
The contract, of which specific performance was sought
in this case, having been absolutely and irrevocably as-
signed to Cox, he was an indispensible party complain-
ant, and without him or his proper representatives be-
fore the court, no final decree could properly be ren-
dered.   It may be true that the administrator of Amon
Dixon is also a proper party complainant, but he cer-

tainly has no power to represent the interest formerly owned by Cox. The proper representative of that interest, either the administrator, or the heir of Cox, or both, as counsel may be advised, must be made parties complainant before the court can render a final decree.

As we reverse the decree because of a fatal defect in parties to the suit, it is unnecessary for us to determine whether the evidence was sufficient to sustain the decree appealed from.

The decree is reversed and the cause remanded for further proceedings consistent with equity practice and this opinion.