## Lampkin v. Mobile & Ohio Railroad Co.

(Decided January 31, 1912.)

Appeal from Carlisle Circuit Court.

Shipper—Bill of Lading—Assigning His Rights—Cannot Prosecute Appeal.—The shipper under a bill of lading, having assigned his rights to another, is not the real party in interest in a suit against the carrier on the bill of lading, and cannot prosecute an appeal in his name alone from a judgment dismissing the petition, where he sued for the benefit of the assignee, alleging that

the assignee was entitled to any judgment that was rendered in the action and the assignee did not appeal.

J. P. WICKLIFFE for appellant.

JOHN E. KANE, LANSDEN & LANSDEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Dismissing.

H. C. Lampkin brought this suit against the Mobile & Ohio Railroad Company. He alleged in his petition that on May 29, 1910, he delivered to the railroad company 107 hogs at Berkeley, Kentucky, which it agreed to transport to East St. Louis, Illinois; that it negligently handled the car containing the hogs by reason of which some of them died and others were injured to his damage in the sum of $200 for which he prayed judgment. The railroad company filed an answer controverting the allegations of the petition. Lampkin then filed an amended petition in which he alleged that after the hogs were loaded and shipped from Berkeley, he sold his interest in the hogs to Ed. Holt; that Holt was entitled to whatever judgment was rendered in the action and he asked that the judgment rendered in the action be for the use and benefit of Holt; that Holt be made a defendant to the action for the purpose of receiving whatever judgment was rendered in the action. Holt entered his appearance and filed an answer in which he affirmed the allegations of the petition and amended petition and asked that whatever judgment was rendered against the defendant be for his use and benefit. In this state of the pleadings the case was submitted to a jury and at the conclusion of the evidence the court instructed the jury peremptorily to find for the defendant. The jury having returned a verdict for the defendant the action was dismissed. Lampkin entered a motion for a new trial which was overruled, and he has appealed. The parties to the appeal are H. C. Lampkin, appellant, and the Mobile & Ohio Railroad Company, appellee. Ed. Holt is not a party to the appeal and the railroad company has entered a motion to dismiss the appeal on the ground that Lampkin is not the real party in interest.

Section 18 of the Code of Practice is as follows:

"Every action must be prosecuted in the name of

the real party in interest, except as is provided in section 21."

Section 21 is as follows:

"A personal representative, guardian, curator, committee of a person of unsound mind, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, a receiver appointed by a court, the assignee of a bankrupt, or a person expressly authorized by statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted."

Lampkin is not the real party in interest; for the amended petition shows that he sold the hogs to Holt, and that any judgment that is recovered is to be for the benefit of Holt. Section 21 has no application. Lampkin is not the trustee of an express trust or a person with whom or in whose name a contract is made for the benefit of another. Section 19 of the Code provides:

"In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any discount, set-off or defense now allowed; and if the assignment be not authorized by statute the assignor must be a party, as plaintiff or defendant."

Under this section it was proper that Lampkin should be a party as plaintiff or defendant, but Holt is a necessary party plaintiff, as he is the real party in interest. The meaning of section 19 when read with section 18 is that the action must be brought in the name of the assignee the real party in interest but if the assignment is not authorized by statute the assignor must be a party as plaintiff or defendant. The Code of Practice governs all civil cases. By section 1, civil cases are actions or special proceedings. An appeal to this court is regulated by the provisisons of the Code of Practice, and must be prosecuted by the real party in interest. So far as we can know Holt, the real party in interest, may not desire this appeal prosecuted. Lampkin has no interest in the action except to recover a judgment for Holt, and as Holt is not appealing from the judgment refusing him any relief, the appeal must be dismissed.

Appeal dismissed.