# Gay, et al. v. Jackson County Board of Education.

(Decided October 28, 1924.)

## Appeal from Jackson Circuit Court.

1. Parties—"Real Party in Interest" is One Having Actual and Substantial Interest.—"Real party in interest," in Civil Code of Practice, section 18, is one who has actual and substantial interest in subject matter, as distinguished from one who has only nominal interest.

2. Schools and School Districts—Action on Sheriff's Bond on Account of School Taxes Properly Brought in Name of County Board of Education.—Suit on sheriff's bond, executed to Commonwealth, for school taxes which he failed to pay over, was properly brought in name of county board of education, in view of Civil Code of Practice, section 18, which is mandatory.

3. Schools and School Districts—Petition in Action on Bond to Recover for Taxes Not Paid Over Held Not Demurrable.—Petition by county board of education on sheriff's bond, who failed to pay over school taxes collected, held sufficient, and demurrer was properly overruled.

4. Sheriffs and Constables—Immaterial Whether Sheriff's Bonds Signed on Same Dates by Sureties, or Whether Date of Each was Date of Execution.—It is wholly immaterial whether sheriff's bonds were signed by sureties on same or different dates, or whether date of each bond was in fact date on which bond was signed, in view of Ky. Stats., section 4134.

5. Estoppel—County Board of Education Not Estopped to Sue on Sheriff's Bond, though he Failed to Produce Quietus for Preceding Year.—County board of education was not estopped to sue sureties on sheriff's bond, where sheriff failed to pay over taxes collected, by reason of fact tax books were turned over to sheriff without requiring him to produce quietus for preceding year as required by Ky. Stats., section 4130.

6. Estoppel—Neither State nor its Agencies can be Estopped by Neglects or Omissions of Public Officers.—Neglects or omissions of public officers as to their public duty will not work an estoppel against state or any of its governmental agencies.

7. Schools and School Districts—That Sheriff did Not Participate in Settlement of Amount Due for Taxes Collected Held Not Defense to His Sureties.—That sheriff did not participate in settlement by commissioner of amount due from him on account of taxes collected held not to affect its validity as against sureties on his bond.

8. Pleading—Answer Consisting Only of Legal Conclusions Raises no Issues of Fact.—An answer consisting only of legal conclusions raises no issue of fact.

J. R. LLEWELLYN and L. C. LITTLE for appellants.

LEWIS & LEWIS and WM. LEWIS for appellee.

Opinion of the Court by Judge Clay—Affirming.

The Jackson county board of education brought this suit against William Baker, sheriff of that county, and his sureties, to recover the sum of $5,130.77 alleged to be due the board for the year 1920. Their special and general demurrers having been overruled the defendants filed answers containing several paragraphs. To each of the paragraphs a demurrer was sustained, and defendants having declined to plead further, judgment was rendered in favor of plaintiff for the amount sued for. Defendants have appealed.

The ground of the special demurrer is that the bonds were all executed to the Commonwealth, and that the action should have been brought by the Commonwealth for the use of the Jackson county board of education. Section 18, Civil Code, provides that every action must be prosecuted in the name of the "real party in interest," except as provided in section 21, and the only material exception in the latter section is that "a person with whom, or in whose name, a contract is made for the benefit of another, may bring an action without joining with him the person for whose benefit it is prosecuted." As section 18 is mandatory except as provided in section 21, and the applicable exception is merely permissive and does not require the action to be brought in the name of the person with whom the contract is made for the benefit of another, it is at once apparent that either plan may be pursued. The "real party in interest" is one who has an actual and substantial interest in the subject matter as distinguished from one who has only nominal interest therein. Taylor v. Hurst, 186 Ky. 71, 216 S. W. 95. The suit is for school taxes which the sheriff collected and failed to pay over. These taxes constitute a portion of the school funds and belong to the county board of education. Therefore, the Jackson county board of education is the "real party in interest" and a judgment in its favor for the year in question will necessarily bar an action by the Commonwealth to recover on the bonds for the same period of time. That being true, it can maintain the action in its own name and the special demurrer was properly overruled. Lane v. Kasey, 1 Metcalf 410.

The petition alleged the election and qualification of the sheriff, the execution and approval of the several bonds, the legal effect of the covenants therein contained, the delivery of the tax books to the sheriff, the collection

of the revenues by the sheriff, the appointment of a commissioner to make settlement with the sheriff, the filing of the settlement, the exceptions to the report, the failure to offer proof in support of the exceptions, the final confirmation of the settlement, showing a balance due of $4,772.82, which, together with the accrued interest amounted to $5,130.77. Copies of the order appointing the commissioner and of the settlement itself, together with copies of the orders filing and confirming the settlement, were filed with the petition. An amended petition alleged that the settlement was recorded, and that demand was made of the sheriff and that he refused to pay. There can be no doubt that the allegations of the petition were sufficient to show a right to recover, and that the demurrer was properly overruled.

We have next to consider the sufficiency of the several defenses presented by the answer.

(1) The first is that the bondsmen did not sign the bonds in the presence of each other, or all at the same time, but signed the bonds at different times, and that the dates of the bonds did not show the correct date on which the bonds were executed. Since, under the statute, the sureties on all the bonds were jointly and severally liable for any default of the sheriff during the term in which the bond was executed, whether the liability accrued before or after the execution of the bond, it is wholly immaterial whether the bonds were signed by the sureties on the same or different dates, or whether the date of each bond was in fact the date on which the bond was signed. Section 4134, Kentucky Statutes; Commonwealth v. Adams, 3 Bush 41; U. S. Fidelity & Guaranty Co. v. Salyer, 131 Ky. 527, 115 S. W. 767.

(2) The next defense is that the sheriff was a defaulter for the year 1919, and that the county court, with knowledge of this fact and in violation of the statute, turned over to him the tax books for the year 1920 without requiring him to produce a quietus for the preceding year. Section 4130, Kentucky Statutes, provides in part as follows:

"A quietus by the auditor of public accounts and from the fiscal court of his county for the preceding year shall be produced by each sheriff or collector to the county court on or before that day (March 1st)

and no tax book shall be delivered to the sheriff or collector after the first year of his term who shall fail to exhibit such quietus on or before that date.''

The argument is that if the county court had complied with the law, the tax books for the year 1920 would not have been delivered to the sheriff and no defalcation would have occurred. The quoted language occurs in the same statute that requires the sheriff to execute annual bond for the faithful performance of his duties. Not being content with the security afforded by the bond the legislature went further and required the quietus as an additional element of safety. It is therefore clear that the sole object of the statute was to protect the Commonwealth and not the sureties. That being true, the defense is based wholly on estoppel, and we have uniformly ruled that neglects or omissions of public officers as to their public duties will not work an estoppel against the state or any of its governmental agencies. Clay County Board of Education v. Lewis, 187 Ky. 231, 218 S. W. 716; Commonwealth v. Tate, etc., 89 Ky. 587, 13 S. W. 113; Fidelity & Deposit Company of Maryland v. Commonwealth, 104 Ky. 579, 47 S. W. 579.

(3)   The answer also alleged that the sheriff did not participate in the making of the settlement and that the settlement was only an accounting made and reported by the commissioner. For aught that appears in the answer, the sheriff, though notified when the settlement would take place and given an opportunity to be present, may negligently have failed, or wilfully have refused to be present. In such a case, the commissioner could go ahead and make a settlement from the tax books, the collections reported, and any other available information, and the mere fact that the sheriff did not participate in the settlement would not affect its validity.

(4)   Lastly, it is insisted that the answer was sufficient to raise certain issues of fact. We have carefully examined the answer and find that it consists only of legal conclusions, with no denial of any fact essential to a recovery of the full amount sued for.

It follows that the demurrer to each paragraph of the answer was properly sustained.

Judgment affirmed.