## Security Finance Co. v. Langan et al.

Jan. 12, 1940.

McCandless & McCandless for appellees Langan and Frentz, Jr.

Howard Van Arsdale for appellee Carolyn Frentz.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

The appellant, Security Finance Company, is a corporation with its stock owned entirely by five brothers, one of whom was Samuel W. Frentz, Sr., he owning at the time of his death on November 10, 1932, 340 shares of the par value of $100 each. He carried some life insurance, one policy of which was for $15,000, payable to his widow, J. Carolyn Frentz, who qualified as his administratrix after his death. They had one child, a boy about five years of age, and the decedent died intestate. The plaintiff and appellee, Edward C. Langan, was later appointed statutory guardian of the infant who with his mother were the only heirs or distributees of his father's estate, the infant being the only child.

In due time, and after the guardian was appointed, decedent's stock in the appellant corporation was equally divided between the widow and the infant child, the latter's portion being delivered and taken charge of by the infant's guardian. Notwithstanding the division the corporation paid annual dividends on the entire 340 shares of stock owned by decedent at his death to his widow as administratrix of his estate, the combined amount so paid to her being $12,825.01, one half of which was the property of the infant and should have been paid to and collected by his guardian instead of paid to and collected by the personal representative of the decedent. She appears to have been more or less a spendthrift and inexperienced in business matters on account of which she was an easy prey to schemers who soon succeeded in filching from her a large part of her individual property which, with her spendthrift nature, finished the job and left her comparatively a pauper prior to the time this action was filed. She made three settlements of her accounts from the time of her appointment until the filing of this action by the guardian against her and others in the Jefferson circuit court on January 21, 1938.

The guardian's petition sought to surcharge those settlements by expunging certain credits and allowing others which had been omitted therefrom. Plaintiff also

sought to recover from appellant, the corporation, his ward's half interest in the dividends arising from the infant's stock which it had wrongfully paid to the administratrix instead of to himself, as guardian. However, before the filing of the action the administratrix in some way had discovered the error of both herself and the corporation in the collection of those dividends earned by the infant's alloted portion of the stock as the sole heir of his father, and she then executed her note to the corporation for one half of the dividends so paid to her and pledged as security therefor 100 shares of her deceased husband's stock that had been allotted to her as surviving widow.

The answer of the widow—both individually and as administratrix—practically admitted all of the material facts stated in the petition, including the one of her executing her note to the corporation for the infant's share of the dividends that she had wrongfully collected. But she sought by her answer compensation for the care and maintenance of her infant child of whom she had custody, because of the fact that it possessed property (mainly its shares of the corporate stock inherited by it). She fixed the allowance at the sum of $50 per month and she asked credit or judgment for the aggregate amount up to the time of the filing of the action, and that compensation continue thereafter until further orders of the court. That relief was contested by appropriate pleadings and the cause referred to the master commissioner to take proof and report on the various issues made by the pleadings, including one made by the guardian as to his right to let the estate of his ward remain invested in its inherited stock, as well as his right to accept the actual cash value of enough shares of the widow's stock to discharge whatever may be found to be due from her to his ward because of the wrongful collection of the dividends sued for.

Considerable testimony was taken by the commissioner, chiefly upon the issue as to the financial soundness of the corporation's stock together with a considerable amount relating to the mother's right to receive compensation for the maintenance of her child. The commissioner made and filed his report in due time, which was and is a very lucid analysis of the facts, as well as a correct application of the law thereto. Notwithstanding such painstaking care on his part, exceptions were filed to his report which were directed, chief-

ly, if not solely, to the two issues of, whether or not the guardian was authorized to permit the infant's inherited shares of his father's estate to continue to be invested in the stock inherited by the infant, and, whether or not the guardian could settle the indebtedness due from the administratrix to his ward by the acceptance of a sufficient number of shares allotted to her in satisfaction of her indebtedness to the ward at the value fixed by the commissioner and the court of $110 per share.

The court on final determination of all exceptions to the commissioner's report, adjudged that the widow be compensated for the maintenance of the ward, from a fixed and named period in the past, at $30 per month aggregating at the time of the rendition of the judgment the sum of $2,000 and which amount was credited on her adjudged indebtedness to the infant ward, and the court then directed that the guardian accept a transfer of a sufficient number of shares of the corporate stock (deposited with the corporation as collateral security heretofore referred to) allotted to the widow, at $110 per share in liquidation of the balance of her indebtedness to his ward, and that the guardian continue to permit his ward's estate to be invested in the stock inherited by it as well as that taken in settlement of the ward's claim against its mother. The judgment then ordered that when the indebtedness of the administratrix to her infant child was so satisfied, her note to the corporation would become extinguished. No one excepted to that judgment except the appellant corporation which solely and alone prosecutes this appeal with no counter-relief sought by any other litigant by way of cross appeal, or otherwise.

The satisfaction of the widow's note which she executed to the corporation with the pledged 100 shares of her allotted portion of her husband's stock in the manner directed in the judgment also satisfied every vestige of interest that the corporation had in the pledged stock. From thence it was a mere stakeholder and it is plainly manifest that it thereafter had no interest in any of the issues raised between the mother, widow and administratrix, and her infant child. The controversial issue between them with reference to the stock owned by the ancestor at the time of his death was of no concern to the corporation; nor was it in the least interested as to whether or not the administratrix should be compensated for maintenance of her child while it was in her

custody. It is therefore impossible to discern any financial or legal interest that the appellant has in any of the issues determined and adjudged by the court in the judgment appealed from.

It is a fundamental principle in law that no one may complain of a judgment which does not in any manner affect or touch his financial or any other legal rights. The proposition is so obviously apparent, and so fundamentally sound in logic as not to require the citation of either opinions or texts in its substantiation. However, attention is directed to the text in 3 C. J. 623, Section 480, which briefly states the rule in this language: "It is necessary to a valid appeal or writ of error that appellant or plaintiff in error, even when a party, should have an interest in the subject matter of the suit or controversy, and if he has not such interest the rule is well settled that his appeal or writ of error will be dismissed."

A page is occupied by the listing of cases from various courts in substantiation of that statement, among which are the domestic ones of Lampkin v. Mobile, etc., Railroad Company, 146 Ky. 514, 142 S. W. 1037; Compton v. Lancaster, Ky., 114 S. W. 260; Bryson's Adm'r v. Briggs, 104 S. W. 982, 32 Ky. Law Rep. 159; Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35, 23 Ky. Law Rep. 1292; Mullins v. Bullock, 19 S. W. 8, 14 Ky. Law Rep. 40; Bryant's Heirs v. Hill, 9 Dana 67; Garrigus v. Blakey, 7 Ky. Law Rep. 677.

If the request for a review of the judgment made by the appeal were done by one whose interest was legally affected by any ruling of the court, we would be very much inclined to approve the judgment upon all the issues raised and passed upon by the learned trial court. However, if we should do so, what we might say, as well as what we have just said, would be dictum, since we have no right to entertain such a request unless it be made by one having the right to do so and who has duly presented his complaints and objections to the matters about which a review by this court is sought.

Having so concluded, it necessarily follows that this appeal should not be considered by us and for which reason it should be dismissed without prejudice to any right that any other interested litigant might have to prosecute a later appeal if desired, within the time prescribed by law.

Wherefore, the appeal is dismissed.