Timmy D. **COMBS**, Appellant,

v.

Joanna D. **RICHARDS**, Appellee.

No. 2000–CA–000162–MR.

Court of Appeals of Kentucky.

Dec. 7, 2001.

Timmy D. Combs, LaGrange, KY, Pro Se.

No brief for appellee.

Before BARBER, McANULTY, and SCHRODER, Judges.

OPINION

McANULTY, Judge.

Appellant filed a motion to establish his rights to visitation with his child in the Taylor Circuit Court. The motion was denied, and he now appeals. We affirm.

Appellant and Appellee were married in May of 1993. The preceding January, Appellee gave birth to the couple's child, and because the birth came outside of the marriage, paternity was established by judgment of the Taylor District Court.

In February of 1994, Appellant and Appellee separated and petitioned for the dissolution of their marriage. In the dissolution decree, the Taylor Circuit Court granted custody of the couple's child to Appellee and reserved judgment on the issue of Appellant's visitation rights until he filed a motion to establish those rights. Appellant soon thereafter filed a motion for visitation rights. Because Appellant was incarcerated at the time of the motion, he requested that his mother be allowed to fulfill his visitation obligations until his release.

The Taylor court summarily denied his motion for visitation without comment. There is no indication in the record that the Taylor court held any type of hearing to evaluate Appellant's motion for visitation. Appellant now appeals because no hearing was held pursuant to KRS 403.320 before the trial court issued its denial. We will not reach this issue, however, because we believe that Appellant was not the real party in interest, and thus his motion must fail.

Appellant's motion is styled as though it is a motion made in his behalf, but in truth, he is simply asking the court to grant visitation to his mother, a right she may lawfully assert for herself under KRS 405.021. As was noted by this court in *Winn v. First Bank of Irvington*, Ky. App., 581 S.W.2d 21, 23 (1978): "There is a difference between capacity to sue, which is the right to come into court, and standing to sue, which is the right to relief." In this case, we find Appellant has neither.

It is a long-standing rule of Kentucky law that a cause of action may only be advanced by the real party in interest. CR 17.01. The real party in interest is the party who will be entitled to the benefits of the action upon a successful termination thereof; one who is actually and substantially interested in the subject matter.

*Thompson–Starrett Co., Inc. v. Mason's Adm'rs,* 304 Ky. 764, 774, 201 S.W.2d 876, 882 (1946), *citing Taylor v. Hurst,* 186 Ky. 71, 216 S.W. 95, 96 (1919). In the case sub judice, Appellant is not the real party in interest. We affirm the trial court's denial of Appellant's motion.

ALL CONCUR.