## Commonwealth v. Farmers Bank of Kentucky, et al.

(Decided May 20, 1921.)

### Appeal from Franklin Circuit Court.

1. Parties—Real Party in Interest.—The requirement of Civil Code, sec. 18, that every action must be prosecuted in the name of the real party in interest means the party who is actually and substantially interested in the subject matter as distinguished from one who has only a nominal interest therein, the test being

whether the plaintiff satisfies the call of the person who has the right to control and receive the fruits of the litigation.

2.  Parties—Real Party in Interest.—In a suit by the Commonwealth against a state depository to recover money paid out on the forged endorsements of a state employee, where according to the terms of a compromise agreement entered into between the Commonwealth and the surety of the defaulting employee a previous suit against the state auditor is to be dismissed and a new action, (the present one), is to be instituted by the Commonwealth against the depository, in which latter action the attorneys for the surety company are to represent the Commonwealth, and before the Commonwealth is to receive anything out of any recovery that might be had the surety is to be reimbursed for the sum paid by it in compromise to the Commonwealth, together with an agreed attorneys' fee, and where the maximum sum recoverable in the present suit is less than the sum to which the surety is entitled to reimbursement under the stipulation, it results that the company and not the Commonwealth is the real party in interest and consequently the latter is without power to maintain the suit.

ELI H. BROWN, JR., CHAS. H. MORRIS, LEWIS A. NUCKOLS, BROWN & NUCKOLS and CHAS. I. DAWSON, Attorney General, for appellant.

GUY H. BRIGGS, ELWOOD HAMILTON, J. C. W. BECKHAM and HAMILTON & POLSGROVE for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Charles E. Booe was connected with the office of auditor of public accounts of the state of Kentucky for several years, and during the incumbency of Auditor S. W. Hager acted as clerk and also assistant auditor. Following the expiration of Hager's term of office it was discovered that through the manipulations and fraudulent endorsements of Booe there had been paid out on checks issued and signed by the state treasurer the sum of over thirty thousand dollars.

Under Ky. Stats., sec. 4692, the treasurer is directed to designate in writing to the governor not less than three solvent banks as state depositories, and under this designation the appellee on January 15, 1904, was selected as one of the state depositories, and continued as such during the period covered by this litigation. As required by law appellee executed bond, with approved surety, covenanting with the Commonwealth that it would pay over when demanded all money deposited with it by the treasurer and comply with all the requirements

of law relating to it as a depository. During the years named appellee paid the sum of $31,414.88 on 326 checks fraudulently endorsed by Booe. Of this sum about $22,-000.00, the proceeds of 141 checks, was paid by appellee direct to Booe, mostly upon checks upon which he had endorsed the name of the payee, usually a fictitious person, followed by his own endorsement, and on the remaining 185 checks appellee paid the sum of about $9,-000.00 to different persons, including local merchants from whom Booe had procured the money on similar fraudulent endorsements. Of the total amount thus paid Booe repaid $1,481.82, leaving a balance of $29,933.06, for which sum recovery is sought in this action.

The Title, Guaranty & Surety Company of Scranton, Pa., was surety upon a bond executed to Hager by Booe, for the faithful performance of the latter's duty as clerk and assistant auditor.

In a suit instituted by the Commonwealth against Hager and his surety, the United States Fidelity & Guaranty Co., seeking to recover the amount of this defalcation, Hager filed a cross-petition against Booe's surety asking that it be required to pay to Hager such sums as might be recovered against him by the state. During the pendency of that suit a stipulation was signed by the parties wherein for the consideration of $17,500.00 paid by the Title, Guaranty & Surety Co., to the Commonwealth, and the settlement of the costs of that action, the Commonwealth agreed: (a) To dismiss, without prejudice, the pending suit against Hager and his surety; (b) not to insist any further upon the payment of said claim by Hager or his surety; (c) to institute suit or suits against the various state depositories and their sureties, for the recovery of said claim. It was further stipulated that the attorney general was to appear as counsel for the state in said proceedings and cooperate with counsel employed by Booe's surety, such counsel to be authorized to represent the state in such proceedings, without cost or expense to the state, the surety company to assume the cost incident to such litigation. It was further provided in said agreement that:

"In the event a recovery from said depositories or their sureties, is had on such claim, out of such recovery the Title, Guaranty & Surety Co. is to be repaid the said sum of $17,500.00 together with the costs and expenses incurred by it, including a reasonable attorney's fee,

such fee in no event to exceed $2,000.00, and the excess, if any, of such recovery over and above the amount to be repaid to said company, as above indicated, is to belong to the state of Kentucky.''

After the dismissal of that action the present suit was instituted by the Commonwealth against appellee, and its sureties seeking to recover the sum so paid out by appellee on the checks aforesaid, less the amount returned by Booe. Upon final hearing the petition was dismissed and an appeal has been prosecuted by the Commonwealth.

Having reached the conclusion the lower court correctly ordered a dismissal of the petition we find it unnecessary to discuss many of the points raised by respective counsel.

The Commonwealth, which sues in its own name, has been paid the sum of $17,500.00, so at most it is not entitled to a recovery exceeding the difference between that sum and the net amount of the defalcation, or $12,433.06, and this sum is subject, under the stipulation aforesaid, to a further deduction of $2,000.00, as the agreed fee to special counsel. While the Commonwealth appears as the nominal and only plaintiff it is obvious that the real party in interest is none other than the Title, Guaranty & Surety Co.

The brief is from the pen of counsel for the surety company; the suit is being prosecuted without cost or expense to the Commonwealth. From any recovery had in this action it is provided the said surety company shall first be reimbursed for the amount it has heretofore paid the Commonwealth; next its counsel is to receive $2,000.00 and then if there is any excess after the payment of these two sums it is payable to the Commonwealth.

We can perceive of no circumstances under which the Title, Guaranty & Surety Co. might be entitled to reimbursement from appellee for the amount paid by the surety company to the Commonwealth. It follows, therefore, that the amount recoverable in the present action cannot exceed the net amount the state is out by reason of Booe's defalcation, to-wit: $12,433.06.

The stipulation hereinbefore referred to is set out in full in appellant's reply, and it is alleged that said writing constitutes the entire agreement between the Commonwealth and the Title, Guaranty & Surety Co. In

effect this pleading is an admission on the part of the Commonwealth that in the event there should be a recovery in this action, that out of the proceeds of said judgment Booe's surety is to receive the amount it has heretofore paid the state, and is to have its counsel fees settled before the Commonwealth receives anything. Inasmuch as the maximum sum recoverable in this action is several thousand dollars less than the amount the Commonwealth has stipulated and concedes is payable to the surety company, it necessarily results that in so far as the Commonwealth is concerned this is a moot case; it has no interest whatever in this proceeding and can have no share in any judgment that might be rendered.

In Civil Code, sec. 18, it is provided:

"Every action must be prosecuted in the name of real party in interest, except as is provided in section 21."

The provisions of section 21 have no application to this action.

Within the meaning of the code provision, *supra,* the real party in interest is the one entitled to the benefits of the action upon the successful termination thereof, and this, in the present instance, could mean none other than the Title, Guaranty & Surety Co. The real party in interest is the one who is actually and substantially interested in the subject matter as distinguished from one who has only a nominal interest therein. The test is, does the plaintiff satisfy the call of the person who has the right to control and receive the fruits of the litigation? Application of this test to the present proceeding would necessarily produce a negative answer. The authorities on this question are collated in the case of Taylor, etc. v. Hurst, Trustee, etc., 186 Ky. 71, 216 S. W. 95.

It is impossible to read the contract between the Commonwealth and Booe's surety without reaching the conclusion that this action is prosecuted solely in the interest and for the benefit of said surety. This being true and the Commonwealth being without right to maintain the action the judgment must be and is accordingly affirmed.