**REYNOLDS METALS COMPANY,**
Appellant,

v.

**LIBERTY NATIONAL BANK & TRUST COMPANY et al., Appellee.**

Court of Appeals of Kentucky.

Sept. 21, 1956.

Robert P. Hobson, Louisville, for appellant.

Ben F. Washer, Joseph Kaplan, Allen P. Dodd and Edward A. Dodd, W. S. Heidenberg, Robert L. Meisburg, James W. Stites, Henry E. McElwain, Jr., Albert E. Reutlinger, Thomas W. Bullitt, Raymond C. Stephenson, Lewis Brownstein, Julius

Leibson, Thruston M. J. Crady, Louisville, for appellee.

CULLEN, Commissioner.

Reynolds Metals Company (hereinafter called "Reynolds") brought action against the Liberty National Bank & Trust Company of Louisville to recover $17,171.80 which was alleged to have been charged wrongfully to Reynolds' accounts in the bank as a result of forgeries of checks by one of Reynolds' employes, Murdock. The court entered summary judgment dismissing the action, on the ground that Reynolds was not the real party in interest. Reynolds has appealed.

Reynolds carried fidelity insurance covering its employes, with the Federal Insurance Company. After the forgeries were discovered, Reynolds entered into discussion with the insurance company concerning payment of the loss. The negotiations culminated in a letter from the insurance company to Reynolds, in which the insurance company admitted its liability and stated its willingness to pay the loss, but requested that Reynolds first bring an action against the bank to recover the loss, and that Reynolds withhold demand of payment from the insurance company for a reasonable period of time necessary to prosecute the action against the bank. The insurance company offered to pay the expense of the suit against the bank and to assume complete charge of the suit. The reason given for this proposal was that if the insurance company should pay the loss, and then as a subrogee of Reynolds sue the bank, the insurance company would not be able to recover because of the "compensated surety" doctrine. See American Bonding Co. v. First National Bank of Covington, 85 S.W. 190, 27 Ky.Law Rep. 393; Louisville Trust Co. v. Royal Indemnity Co., 230 Ky. 482, 20 S.W.2d 71.

Reynolds acquiesced in the proposal, and the action was commenced in Reynolds' name. Upon the facts being presented to the court concerning the agreement between Reynolds and the insurance company, the court concluded that Reynolds was not the real party in interest and accordingly sustained the bank's motion for summary judgment dismissing the action.

The contention of the bank, which was accepted by the lower court, was that the agreement between the insurance company and Reynolds was the equivalent of payment, and was designed as a subterfuge to evade the application of the compensated surety doctrine. The bank further contended that by entering into the agreement with the insurance company, Reynolds had made an election of remedies, which precluded recovery from the bank.

As we view the case, the agreement by the insurance company to make payment to Reynolds added nothing to the insurance company's original obligation, under its insurance policy, to reimburse Reynolds for losses resulting from defalcations by employes. If the insurance company's agreement to abide by its pre-existing contract obligation could be considered to be the equivalent of payment, then it would seem to follow that the original contract itself was the equivalent of payment. This would mean that in any case where a person carried insurance indemnifying against loss, he could not be the real party in interest in an action against the person who caused the loss, unless he first had established inability to collect from the insurer. This proposition is patently unacceptable.

Under any of the recognized tests for determining who is the real party in interest, Reynolds qualifies. Reynolds is the person entitled to receive the fruits of the litigation. Taylor v. Hurst, 186 Ky. 71, 216 S.W. 95. Reynolds has an actual and substantial interest in the subject matter of the action. Carey-Reed Co. v. Sisco, 251 Ky. 22, 64 S.W.2d 430. Reynolds also is the person who by substantive law possesses the cause of action sought to be prosecuted. Louisville & N. R. Co. v. Mack Mfg. Corp., Ky., 269 S.W.2d 707; Clay, CR, 17.01, Comment 2. The agree-

ment by the insurance company, although perhaps very comforting to Reynolds, has not yet materialized in actual satisfaction of Reynolds' claim.

We consider Reynolds' position in this case to be much stronger than that of the insured in the so-called "loan receipt" cases. See State Farm Mutual Auto. Insurance Co. v. Hall, 292 Ky. 22, 165 S.W.2d 838; Aetna Freight Lines, Inc., v. R. C. Tway Co., Ky., 294 S.W.2d 917. There the insured was held to be the real party in interest notwithstanding that the insurer had actually turned over to him a sum of money.

Commonwealth v. Farmers' Bank of Kentucky, 191 Ky. 547, 231 S.W. 25, relied upon by the appellee bank, is not in point because there the Commonwealth had been paid by the insurer the amount of money sought to be recovered from the bank, and any sum recovered from the bank would have gone directly to the insurer.

As concerns the argument that the agreement between the insurance company and Reynolds was a mere subterfuge designed to evade the compensated surety doctrine, it is our opinion that the *motive* of the parties in making the agreement is not material. Reynolds, if it so chose, could have foregone any effort to collect from the insurance company, and proceeded immediately against the bank. Any private negotiations between Reynolds and its insurer were no concern of the bank, so long as the negotiations did not reach the point of transferring Reynolds' claim to the insurer.

The asserted equities in favor of the bank disappear from the case when it is considered that the bank also is insured.

We are not impressed by the bank's argument that Reynolds made an election of remedies when it entered into the agreement with the insurance company. A remedy ordinarily is held to have

been elected only by bringing an action in court. In a similar case from Texas, it was held there was no election of remedies. Liberty Mutual Insurance Co. v. First National Bank, 151 Tex. 12, 245 S.W.2d 237.

The summary judgment is reversed, with directions that it be set aside, and for further proceedings in conformity with this opinion.