Richard Louis LOGSDON, Appellant,

v.

Helen J. LOGSDON, Guardian for Stephen Lewis Logsdon, Appellee.

Court of Appeals of Kentucky.

April 22, 1960.

Claude E. Smith, Owensboro, for appellant.

William M. Gant, Owensboro, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment of the Daviess Circuit Court confirming the appointment of a guardian for an infant by the county court.

Both appellant and appellee, the uncle and aunt of an adopted infant, applied for appointment as guardian in the county court on the same day, following the death of the child's adoptive mother. Appellee was appointed without a hearing. Appellant thereupon moved to set aside this order on the grounds that (1) appellee's application was defective in not naming the next of kin to whom notice must be given, (2) a proper hearing was not held, and (3) the appellee is not a fit and suitable person. The county court thereupon scheduled a hearing on this motion.

At the hearing appellee presented substantial evidence of her fitness, but appellant declined to submit any evidence, standing on his objections that appellee's original application and the proceedings thereon were irregular. The county court thereupon overruled appellant's motion to set aside his original order.

Appellant then appealed to the Daviess Circuit Court and moved for summary judgment on the pleadings, motion and record. The circuit judge apparently assumed that the only issue on appeal was whether appellant or appellee should be appointed guardian and he upheld the exercise of discretion by the county court.

In spite of the fact that the issue of whether appellant or appellee should be appointed guardian of the infant was tried in the county court and has been carefully considered at numerous hearings on appellant's motions by both the county court and the circuit court, appellant is insisting that the order of appointment should be set aside because of the original defect in appellee's application and the initial irregularity of the county court in failing to schedule a hearing.

The original order of appointment by the county court, even though appellee's application did not comply with the pertinent statute (KRS 387.025), was not void. Hume v. Chenault, 305 Ky. 68, 202 S.W.2d 1018. Since appellant as a next of kin was given notice and several hearings, and since he failed to show that his or anyone else's rights have been adversely affected, he has failed to establish any reason to set aside the order of appointment. As a procedural

matter it would have been better practice for the county court to have set aside the original order and re-entered it after the hearing on appellant's motion, but this was the legal effect of what was done and the form of the order is not material on the basic issue in the controversy.

Insofar as appellant is concerned, the initial irregularities in the proceedings for appointment of a guardian were cured by the subsequent procedures in the county court. Appellant had full opportunity both in the county court and in the circuit court to show any meritorious reason why appellee should not be appointed guardian or why he should have been selected to act in this capacity. He has failed to demonstrate any reason why appellee should not have been appointed. The academic questions he raises on appeal have no significance in determining whether or not the judgment of the circuit court, confirming the appointment by the county court, was erroneous.

The judgment is affirmed.