**John STUART etc., Appellants,**

v.

**Bertha RICHARDSON etc., Appellees.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

C. M. Redford, Jr., Redford & Redford, Glasgow, for appellants.

Nunn & Travis, Glasgow, for appellees.

HILL, Judge.

This appeal presents the question whether a tort-feasor has such "interest" in the appointment of a guardian for an infant injured by the tort as would empower him to appeal an order of the county court removing the guardian.

Appellant Brill Stuart, son of appellant John Stuart, while participating in a high school track meet in Barren County, struck and injured Marlene Montayne, another participant, with a shot-put.

Marlene Montayne was abandoned years before the injury by her natural parents. Since the time of abandonment, she has lived with the Reverend T. A. Richardson and his wife, Bertha Richardson.

Marlene and the Richardsons agreed on a settlement of $3,395 with the attorneys for Stuart's insurance carrier, and all appeared before the county judge of Barren County and filed necessary petition for appointment of a guardian for Marlene. Mrs. Bertha Richardson was appointed and duly qualified as such guardian. Checks evidencing settlement were delivered to Mrs. Richardson about the time Marlene suffered a relapse from her injuries. The Reverend Richardson, surety on the guardian bond, moved the county court to set aside the appointment of his wife as such guardian on the ground that Marlene and Mrs. Richardson were not residents of Barren County at the time of the appointment. This motion was sustained by the county court. Claiming to be the real parties in interest, the Stuarts attempted to appeal the county court order of removal to the circuit court, where their attempted appeal was dismissed for the reason they (the Stuarts) had no capacity to appeal.

The county court has power under KRS 387.020 to appoint and remove guardians. Appeals are provided by KRS 23.030 from such orders.

An action or "appeal" shall be prosecuted in the name of the "real party in interest." CR 17.01. The appellants, who desire to settle with Marlene's guardian for a tort committed by appellant Brill Stuart, have no interest in the ward or her estate. It may be true appellants prefer one guardian over another and conceivably appellants may find it easier to settle with a particular guardian, but these considerations do not qualify them as the "real parties in interest"

so as to empower them to intervene or prosecute an appeal in a proceeding in which they are not necessary parties. The interest of appellants is in the individual to be appointed, not in the ward or her estate.

The real party in interest under the former Civil Code, section 18 (similar to CR 17.01), was declared to be one entitled to the benefits of action upon the successful termination thereof in Commonwealth v. Farmer's Bank of Kentucky, 191 Ky. 547, 231 S.W. 25 (1921).

The right of one to intervene hinges on the same rule: He must have a real interest. It is written in 67 C.J.S. Parties § 57, page 984:

"* * * the rule * * * is that the right or interest which will authorize a third person to intervene must be of a direct and immediate character so that the intervener will either gain or lose by the direct legal operation of the judgment. So it has been stated specifically or in substance that the interest is not sufficient if it is indirect and contingent, indirect and remote, indirect, remote, and conjectural, consequential, or collateral. The word 'interest,' as used in an intervention statute, means more than mere concern."

See also 39 Am.Jur., Parties, section 16, page 934, from which we quote: "It is universal that no one has any right to intervene in any action unless he has some right to protect which is not being protected."

We have reviewed Reidinger v. Murphy, Ky., 337 S.W.2d 22 (1960), and other cases cited by appellants. Reidinger involved a controversy between two persons claiming to be entitled to the trusteeship of an estate. This court held the appointment of the trustee by the circuit court was unauthorized. The part of the opinion that holds "[a]ny party aggrieved by the judgment of a county court in such an instance has the right of appeal to the circuit court for a review" is sound law, but it has no application to the present case. Furthermore, appellants were never parties in this proceeding. It cannot be said as a matter of law that appellants will be "aggrieved." In fact they may well be benefited by the removal of Mrs. Richardson as guardian and the appointment of another.

Actually, the interests of appellants and the guardian are antagonistic until such time as a settlement is reached and consummated. Thereafter, the appellant would have utterly no conjectural interest in the guardianship.

This record does not disclose whether Mrs. Richardson has accepted and used the checks representing settlement, but it is assumed she has not. In event she has, the settlement may or may not be binding upon the guardian. We do not get to this question in the present case, but we simply hold, as did the circuit court, that appellants have no capacity to prosecute an appeal from the order of the county court removing the guardian.

The judgment is affirmed.