**William A. SETTLE, Appellant,**

**v.**

**George V. TRIPLETT, Committee for Harvey Willett, an Incompetent, Appellee.**

Court of Appeals of Kentucky.

March 22, 1968.

Thomas E. Sandidge, Sandidge & Sandidge, Owensboro, for appellant.

Grover C. Cox, Owensboro, for appellees.

DAVIS, Commissioner.

This appeal presents a facet of the controversy respecting the potential rights of Harvey Willett to a share in the estate of Joseph G. Settle, deceased. See Willett v. Triplett et al., Ky. (decided March 29, 1968).

William A. Settle, the appellant, initiated a proceeding under CR 60.02 in the Daviess County Court attacking that court's order appointing George V. Triplett as Committee for Harvey Willett. The county court entered a judgment denying the relief, and Settle appealed to the Daviess Circuit Court where judgment was rendered affirming the ruling of the Daviess County Court. It is from the latter ruling that this appeal is prosecuted.

The appellant contends that the order appointing Triplett as Committee for Harvey Willett was void ab initio because the county court had no jurisdiction of the parties or the subject matter involved.

It is asserted for appellant that the appointment of the committee by the county court was illegal in that there was not substantial compliance with KRS 387.025 and KRS 395.016 relating to fixing a time for hearing of such an application and providing for notice of the time, place, and purpose of the hearing at least five days prior to the date of hearing. The record reflects that when the application for appointment of the committee was filed in the county court there was no date set for hearing nor notice by registered mail fur-

nished to any person. However, there was a showing that some of the persons who would have been entitled to notice purportedly waived notice as permitted by KRS 395.016. The appellant assails the efficacy of the attempted waivers of notice in some detail, but our view of the case makes it unnecessary for us to consider these arguments in depth.

The order appointing appellee as committee was entered by the county court on February 25, 1965. The motion to vacate and set aside that order, which initiated the proceeding now on appeal, was filed in the county court on May 5, 1966. A hearing on the merits of the motion was held by the county court, and all persons having any legal interest in the matter were before the court and had full opportunity to present all legal objections to the validity of the original order of appointment. It seems to us that the rationale of Logsdon v. Logsdon, Ky., 334 S.W.2d 919, rules the present appeal. In Logsdon an effort was made in the county court to set aside the appointment of a guardian made in that court. It appeared in Logsdon that there were procedural irregularities as to notice and naming of parties respecting the original application for appointment. However, when the appointment was attacked, there were various hearings at which all of the interested persons were afforded opportunity to be heard. In Logsdon the court pointed out:

> " * * * As a procedural matter it would have been better practice for the county court to have set aside the original order and re-entered it after the hearing on appellant's motion, but this was the legal effect of what was done and the form of the order is not material on the basic issue in the controversy.
>
> "Insofar as appellant is concerned, the initial irregularities in the proceedings for appointment of a guardian were cured by the subsequent procedures in the county court. * * *." Logsdon v. Logsdon, Ky., 334 S.W.2d 920, 921.

It is our view that the order of the county court appointing the committee was not void by reason of any asserted failure to comply strictly with the statutory provisions respecting notice and hearing. The order overruling the CR 60.02 motion was equivalent to a re-appointment of the committee and valid. Hume v. Chenault, 305 Ky. 68, 202 S.W.2d 1018; Logsdon v. Logsdon, Ky., 334 S.W.2d 919.

The appellant contends that the county court lacked jurisdiction of the subject matter because of a claimed fatal defect in the inquest which had been held in the circuit court prior to the appointment of the committee. Reliance is had upon Denton v. Commonwealth, Ky., 383 S.W.2d 681, in which we held that it was reversible error to admit evidence of doctors by certificate or affidavit in an inquest, over the objection of counsel for the person upon trial. The Denton case is distinguishable from the present one in at least two respects. In Denton there was a direct appeal in the inquest proceeding, and counsel for the alleged incompetent specifically objected to the admission of evidence of the doctors by certificate or affidavit. In the present case we have a collateral attack on the inquest judgment, coupled with a showing that no objection was raised by the guardian ad litem for the alleged incompetent when the evidence of the doctors was received through certificates or affidavits. We are unwilling to say that the inquest proceeding in the present controversy was void. To say, as was said in Denton, that evidence from doctors may not be received by affidavit *over the objection* of the defendant is not to say that the defendant in an inquest may not waive such an objection. It is our view that the guardian ad litem in the inquest had authority to waive the personal presence of the doctors and that the resulting judgment in the inquest was not rendered void by the failure of the doctors to appear in the circumstances at bar.

Daly v. Spencer's Committee, 260 Ky. 19, 83 S.W.2d 502, relied upon by the appellant, is inapplicable to the present case. In Daly it was appropriately held that a committee appointed pursuant to an inquest without a jury was, in fact, no committee at all. That ruling was based on the proposition that there was no office of committee to be filled, since no jury inquest had been held. That situation does not obtain in the case before us.

It may well be doubted that the present appellant has any standing to maintin this action. See Stuart v. Richardson, Ky., 407 S.W.2d 716. This question is not directly presented by the appellee, and we do not base this decision upon lack of capacity of the appellant.

The judgment is affirmed.

All concur.