Alton MILLER, Appellant,

v.

**PADUCAH AIRPORT CORPORATION et al., Appellees.**

Supreme Court of Kentucky.

May 20, 1977.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellant.

H. S. Melton, Jr., Melton & Rivers, W. David Denton, Samuel Carlick, Paducah, for appellees.

STERNBERG, Justice.

By this action appellant challenges the legality of a lease by which the Paducah Airport Corporation operates Barkley Field. He seeks to have the court declare that its operation, control and management are jointly in the City of Paducah and McCracken County, Kentucky, and to adjudge him entitled to a lease of space in the terminal building for the operation of a car rental service on the same terms and conditions as the other car rental services then being operated.

Barkley Field, an airport serving Paducah and its environs, is operated by the Paducah Airport Corporation, a non-profit corporation, under a ten-year lease with the City of Paducah and the County of McCracken. Appellant contends he is the owner of three corporations; namely, Yellow Cab U-Drive-It Company, Inc., National Car Rental Systems, and Yellow Cab. He brings and prosecutes this action in his individual capacity and not as the owner of or in any representative capacity of either of the corporations. The complaint was originally filed with appellant and National Car Rental Systems as joint plaintiffs. On October 27, 1972, the trial court entered an order granting the motion of the National Car Rental Systems to withdraw as one of the plaintiffs. Thus, Alton Miller became the sole and only complainant.

Appellant orally discussed with the President of the Paducah Airport Corporation the possibility of securing a contract to operate a car rental service in the terminal building. On June 20, 1972, a written application in the form of a letter from appellant's attorney, on behalf of the Yellow Cab U-Drive-It Company, Inc., was made for space in the airport terminal building in which to operate a car rental service. The application was refused because the Airport Corporation determined that there were two such services already operating in the terminal building and that to permit another such service would economically interfere with the safe, proper and adequate operation of the then existing services and would endanger the safety of the persons utilizing the systems.

The trial court sustained appellees' motion for summary judgment and dismissed the action. Thus, this appeal.

The appellant argues that, (1) he is the real party in interest in this litigation; (2) the Paducah Airport Corporation is without authority to operate the subject airport; (3) the lease under which the Paducah Airport Corporation operates the airport is illegal; and (4) the action of the Paducah Airport Corporation in refusing to grant appellant permission to operate a car rental service violates his constitutional right.

*Is Appellant the Real Party in Interest?*

Basically and fundamentally speaking, every action must be prosecuted in the name of the real party in interest. CR 17.01. The trial court found that the Yellow Cab U-Drive-It Company, Inc., not Alton Miller, was the real party in interest and that Alton Miller, individually, could not maintain this action against the defendants. Appellant argues that he individually, not the corporation, applied for a permit to operate the car rental service. Further, he strenuously contends that the only efficacy of the testimony relating to Yellow Cab U-Drive-It Company, Inc., is to support his position that he has at hand and available facilities with which he can properly carry on and operate a car rental service if he is awarded such a contract. Appellant claims ownership of all of the stock in Yellow Cab U-Drive-It Company, Inc. However, he owned only 40% and the controlling shares were owned by his wife and two sons. Counsel for appellant advises that at this time Alton Miller has actually purchased all of the stock formerly held by his wife and sons and that he is now the sole owner of all of the shares of stock in Yellow Cab U-Drive-It Company, Inc. If so, what

he has is an entity, separate, apart and distinct from himself. 18 C.J.S. Corporations § 4; *Gregory v. Bryan-Hunt Company,* 295 Ky. 345, 174 S.W.2d 510 (1943).

It is not trivial nor supertechnical to inquire into the status of Alton Miller and the Yellow Cab U-Drive-It Company, Inc., of which he is President. A difference with a definite distinction does exist. For example: A corporation operates within a prescribed parameter; the appellant is not so circumscribed. A corporation can exist in perpetuity; man is here but for a few years, he is cut down and exists no more. We need not elaborate on other shortcomings or other virtues of a corporate entity. They have been discussed for years. Suffice it is to say that the Yellow Cab U-Drive-It Company, Inc., is a separate and distinct entity from appellant. The question is whether appellant, Alton Miller, had such a substantial interest as to authorize him to maintain the action.

In appellant's brief it is written:
"When this action was filed, Alton Miller individually owned the franchise of the National Car Rental Systems. Subsequently, the franchise was assigned to Yellow Cab U-Drive-It, Inc., a corporation which was owned in its entirety by Alton Miller and his wife and sons.

\* \* \* \* \* \*

"The Paducah Airport Corporation had previously entered into a contract with Yellow Cab You-Drive-It, Inc. permitting Yellow Cab You-Drive-It, Inc. to have a telephone but no floor space for an office in the terminal building."

On July 15, 1971, the Yellow Cab U-Drive-It Company, Inc., entered into a contract with the Paducah Airport Corporation for the privilege of operating a motor vehicle rental service at Barkley Field by the use of a sign and a telephone. Appellant's deposition was taken on March 26, 1973, in which the following dialogue occurred:

"Q55. You were making your request on behalf of your corporation Yellow Cab U-Drive-It Co. Inc. Is that correct?

A. Yes.

\* \* \* \* \* \*

Q147. You stated in this affidavit that the named defendants are discriminating against Alton Miller. Are they discriminating against Alton Miller or are they discriminating against Yellow Cab U-Drive-It Co. Inc.?

A. Alton Miller owns all the stock of Yellow Cab U-Drive-It Co.

Q148. How are they discriminating against Alton Miller?

A. By not letting me put my rental agency in there at the airport.

Q149. By not letting Yellow Cab U-Drive-It put it in?

A. That's right.

Q150. That being the corporation in which you own all the stock?

A. Right.

Q151. Alton Miller has no contractual relationship with Paducah Airport Corporation?

A. No contract."

If the action of the Paducah Airport Corporation caused injury to anyone, it was to the applicant Yellow Cab U-Drive-It Company, Inc., who is not a party to these proceedings. The trial court weighed the evidence and concluded that the real party in interest was not Alton Miller, but was, in truth and in fact, the Yellow Cab U-Drive-It Company, Inc. We concur.

In *Wenk v. Ruby,* Ky., 412 S.W.2d 247 (1967), this court held that, under CR 17.01, since Ruby and Singer were not the real parties in interest they did not have any right to file a claim for the corporation. It would seem logical therefore that Alton Miller, not being the real party in interest, has no right to maintain this action. The real-party-in-interest doctrine is salutary in that it protects a defendant from again being harassed for the same cause.

In *Stuart v. Richardson,* Ky., 407 S.W.2d 716 (1966), we held that the real party in interest is one who is entitled to the benefits of the action upon the successful termination thereof. In the event of a successful termination of this litigation, it is not Alton Miller who would succeed, but it is the

**244**

Yellow Cab U-Drive-It Company, Inc., that would reap the benefits.

Since appellant is not the real party in interest, he has no right to maintain this action. Having thus determined, it will not be necessary for this court to pass on any of the other issues raised on this appeal.

The judgment is affirmed.

All concur.