RENDERED: SEPTEMBER 24, 2020
TO BE PUBLISHED

# Supreme Court of Kentucky

2018-SC-0078-DG

DARRYL ISAACS AND THERESA ISAACS                    APPELLANTS

ON REVIEW FROM COURT OF APPEALS
V.                    CASE NO. 2017-CA-0204
JEFFERSON CIRCUIT COURT NO. 16-CI-000250

SENTINAL INSURANCE COMPANY LIMITED                    APPELLEE
D/B/A THE HARTFORD

**OPINION OF THE COURT BY JUSTICE WRIGHT**

**<u>AFFIRMING</u>**

## I. BACKGROUND

In January 2015, Michael Baumann struck Appellant, personal injury attorney Darryl Isaacs, with his truck while Isaacs rode his bicycle on River Road in Jefferson County, Kentucky. Isaacs and his wife Theresa sued Baumann, and that claim was settled for Baumann's liability insurance limits. Because Baumann's policy limits did not cover the amount of Isaacs's injuries, Baumann was an underinsured motorist pursuant to Kentucky Revised Statute (KRS) 304.39-320.

Since Baumann was an underinsured motorist, the Isaacses filed claims for underinsured motorist (UIM) coverage under their personal car insurance policy and the commercial insurance policy that covered vehicles owned by and used in the course of business at Isaacs's law firm (Isaacs & Isaacs, P.S.C.). The couple's personal automobile insurance policies paid UIM benefits;

however, Appellee, Sentinel Insurance Company, denied the UIM claims under its commercial policy.

The Sentinel policy in this case included a section entitled "B. Who Is An Insured." That section provides:

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

The Named Insured and any "family members."

    a. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." . . . .
    b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

    a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto." . . . .

The Sentinel commercial policy listed "Isaacs & Isaacs, P.S.C." as the named insured on its declarations page—not Darryl Isaacs. Isaacs did not purchase the Sentinel policy and had no direct involvement on matters related to his firm's commercial insurance policy, as those matters were delegated to other law firm employees. The vehicles covered by the Sentinel policy were kept at the law firm for its use except for the car Isaacs drove to and from work. The automobiles were an accounting asset and expense of the firm and employees were only permitted to use them for business purposes. Isaacs was not operating one of the automobiles covered by the Sentinel policy at the time Baumann struck Isaacs's bicycle with a motor vehicle.

2

After Sentinel denied the Isaacses' UIM claim under the commercial policy held by the law firm, the Isaacses filed a motion for declaratory judgment in Jefferson Circuit Court, asking the trial court declare that Sentinel was obligated to provide UIM benefits under the terms of the commercial policy. The trial court granted summary judgment in favor of Sentinel, finding that Isaacs did not qualify as an insured under the Sentinel policy under the facts of the case. The Isaacses appealed to the Court of Appeals, which unanimously affirmed the trial court. The Isaacses sought discretionary review from this Court, which we granted. We now affirm.

## I. ANALYSIS

It has long been the law in this Commonwealth that summary judgment "should only be used 'to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.'" *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 483 (Ky. 1991) (quoting *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1985)). Furthermore, Kentucky Rule of Civil Procedure (CR) 56.03 states that summary judgment should be granted if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest*, 807 S.W.2d at 480.

3

"Because summary judgments involve no fact finding, this Court will review the circuit court's decision *de novo.*"  *3D Enters. Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky. 2005). On appeal, "[t]he standard of review . . . of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law. Summary judgment is appropriate where the movant shows that the adverse party could not prevail under any circumstances." *Pearson ex rel. Trent v. Nat'l Feeding Sys., Inc.*, 90 S.W.3d 46, 49 (Ky. 2002).

Because the trial court granted Sentinel's motion for summary judgment, and because "[i]nterpretation and construction of an insurance contract is a matter of law," *Kemper Nat'l Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 871 (Ky. 2002), we review the raised issues de novo, giving no deference to the trial court.

The Isaacses first argue the trial court erred in granting summary judgment in favor of Sentinel because Isaacs and his law firm are synonymous for terms of the policy.  We disagree.  Darryl Isaacs formed Isaacs & Isaacs, P.S.C., a professional service corporation of which he is the sole shareholder. The Sentinel commercial insurance policy names Isaacs & Isaacs, P.S.C. as the named inured on the policy's declarations page.  The terms of the policy make clear that if the named insured is a "corporation" or "any other form of organization," insureds under the UIM coverage are limited to those individuals occupying a covered automobile at the time of the motor vehicle accident.

4

Professional service corporations are—as the name implies—corporate entities. KRS 274.015(2) provides: "A professional service corporation formed under the provisions of this chapter, except as this chapter may otherwise provide, shall have the same powers, authority, duties, and liabilities as a corporation formed under, and shall be otherwise governed by, KRS Chapter 271B." If Isaacs and his P.S.C. were, as he argues, one and the same, he would have had no reason to form the P.S.C.

Isaacs makes much ado of the fact that he is the sole shareholder of his P.S.C. However, the Isaacses merely present the argument without providing any supporting authority. The fact that he is the entity's lone shareholder has no bearing on our analysis. In a case in which the sole owner of an LLC made a similar argument, this Court explained:

> The theory of interchangeability underpinning this position was explicitly rejected by this Court in *Miller v. Paducah Airport Corp.,* 551 S.W.2d 241 (Ky. 1977) in the context of a solely-owned corporation. In *Miller,* the president of a corporation that operated a cab service brought suit in his individual capacity against an airport challenging the legality of a lease. *Id.* at 242. The Court held that the corporation was "an entity, separate, apart and distinct from [Mr. Miller] himself," despite the fact that Mr. Miller owned the entirety of the corporation's stock. *Id.* This Court concluded that the corporation, and not Mr. Miller in his personal capacity as the corporation's president, was the real party in interest to the claim, declaring that such a distinction "is not trivial nor supertechnical." *Id.* at 243. The same conclusion is mandated here.

*Turner v. Andrew,* 413 S.W.3d 272, 276 (Ky. 2013). Just as the sole owner in *Turner* could not "slip[] on" the "legal coat" of the LLC "to protect the owner from liability but then discard[] or ignore[] [it] altogether when it is time to

5

pursue a damage claim," neither can Isaacs slip the P.S.C. coat on and off to his benefit.

Here, Sentinel did not inquire as to the identity—or even the number—of the P.S.C.'s shareholders. If the policy were intended to provide UIM coverage to shareholders when they were not driving the P.S.C.'s vehicles covered by the commercial policy, then knowledge of how many people to whom Sentinel was providing UIM coverage would be necessary information for Sentinel to assess the risk and set the amount of the premiums. Isaacs argues he was the sole shareholder in this case, but some P.S.C.s have a large number of shareholders.

The Isaacses also argue they are entitled to UIM benefits under the Sentinel commercial policy because "UIM coverage is personal to the person who purchased the coverage." However, as previously discussed, Isaacs was not the named insured. He did not purchase the coverage, nor did his name appear on the policy's declarations page. The policy's terms unambiguously distinguished between policies written to individuals and those written to corporations.

Recently we held "Kentucky public policy does not bar reasonable UIM exclusion provisions." *Philadelphia Indem. Ins. Co. v. Tryon*, 502 S.W.3d 585, 592 (Ky. 2016). In reaching that holding, we stated, "there is nothing either in the MVRA or our public policy prohibiting enforcement of exclusion of UIM coverage in certain scenarios. The reasonable expectations of coverage are satisfied so long as the plain meanings of the terms of the underlying policies

6

are clear and unambiguous." *Id.* Here, no ambiguity existed. Isaacs & Isaacs, P.S.C., is a type of corporation—and the policy explicitly defines the class of covered persons when the named insured is a corporation.

Finally, the Isaacses contend this Court should reverse the trial court's grant of summary judgment based on the doctrines of illusory coverage and reasonable expectations and because it violates the "spirit of Kentucky Underinsured Motorist Statute." The coverage herein is not illusory. Rather, it simply does not apply to Isaacs under the facts of this case. Had he been the named insured under the policy or had he been an occupant of a covered auto at the time of the accident, Sentinel's UIM policy would have covered him. However, those are simply not the facts of this case.

As to the doctrine of reasonable expectations, it "applies only to policies with ambiguous terms." *True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003). Finally, we have held "UIM coverage exclusions are not impermissible under Kentucky public policy and parties are at liberty to negotiate and customize policies to fit their own needs and desired levels of coverage." *Id.* This is a reasonable UIM exclusion provision and we will not disturb the parties' contractual rights in the absence of an ambiguity.

## II. CONCLUSION

Viewing the record in a light most favorable to the Isaacses, we affirm the Court of Appeals' opinion affirming the trial court's grant of summary judgment. Here, the trial court correctly found there were no issues as to any material fact and that Sentinel was entitled to a judgment as a matter of law.

7

Because Isaacs was not covered under the terms of the Sentinel commercial UIM policy, Isaacs could not prevail under any circumstances.

Minton, C.J., Hughes, Keller, Nickell, and VanMeter, JJ., concur.

Lambert, J., not sitting.

COUNSEL FOR APPELLANT:

Leroy E. Sitlinger Jr.
Sitlinger & Theiler

Carolyn Christine Ely
Isaacs & Isaacs PSC

COUNSEL FOR APPELLEE:

Douglas Loy Hoots
Miller, Griffin & Marks, PSC

Samuel Smith Porter
Landrum & Shouse LLP