RENDERED:  FEBRUARY 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1594-MR

CONSTANCE MOUANDA                                                      APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 19-CI-000283

JANI-KING INTERNATIONAL;
CARDINAL FRANCHISING, INC.,
D/B/A JANI-KING LOUISVILLE;
AND JANI-KING LEASING CORP.                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Constance Mouanda has appealed from the June 25, 2019, order of the Jefferson Circuit Court dismissing her wage and hour, breach of contract, and fraud claims for failure to state a claim pursuant to Kentucky Rules of Civil Procedure (CR) 12.02.  We affirm.

Prior to addressing the allegations of the lawsuit underlying this appeal, we shall set forth the respective parties and explain their roles. To do so, we shall rely upon the relevant portions of the statement of facts in a motion to dismiss filed below by two of the defendants, Jani-King International, Inc., and Jani-King Leasing Corp. (the Jani-King defendants).

### A. Jani-King International, Inc. and Its Business Model

Jani-King International, Inc., ("JKI") is a Texas corporation that developed and maintains a proprietary, comprehensive commercial cleaning system under the brand "Jani-King." Jani-King Franchising, Inc., ("JKF") is a subsidiary of JKI that sells the right to operate a Jani-King sub-franchisor, which is commonly referred to as a master franchisee, in an exclusive territory. Master franchisees purchase a license to use the "Jani-King" trademark, goodwill, and cleaning system in the territories in which they operate. Master franchisees – such as Defendant Cardinal Franchising, Inc., – in turn sell Jani-King unit franchises to small businesses wishing to operate a commercial cleaning franchise in the master franchisee's territory ("unit franchisees"). Master franchisees train unit franchisees on the proper use of the Jani-King proprietary information, and offer various support services to unit franchisees, including securing commercial cleaning contracts for them to service. The Jani-King Defendants are not parties to any agreement with a master or unit franchisee.

### B. Jani-King Leasing Company

JKL is a Texas corporation that sells or leases cleaning equipment (such as vacuum cleaners, auto-scrubbers, burnishers, etc.) to unit franchisees, when such equipment is needed. Unit franchisees, however, are not

required to buy or lease equipment from JKL under their respective franchising agreement. Rather, unit franchisees are allowed to purchase the necessary equipment to operate their Jani-King franchise from whatever source they choose. JLK is not a party to any regional or regional unit franchise agreement, nor has it sold or leased any cleaning equipment in Kentucky in the last three (3) years, including to the franchise owned by The Matsoumou's, LLC.[1]

### C. Cardinal Franchising, Inc.

Cardinal Franchising, Inc., ("Cardinal") is a Kentucky corporation, which operates under the name "Jani-King of Louisville." Cardinal is a Jani-King master franchisee and party to a regional franchise agreement with JKF (the "Regional Agreement"). Under the Regional Agreement, Cardinal purchased the exclusive right to use the "Jani-King" name in Oldham, Shelby, Jefferson, Spencer, Nelson, Bullitt, Hardin, Henry, and Meade Counties in Kentucky; and Washington, Scott, Clark, Floyd, Harrison, Jefferson, and Crawford Counties in Indiana (the "Territory"). The Regional Agreement also provides that Cardinal is responsible for ensuring proper use of the "Jani-King" proprietary information in the Territory; however, in the event Cardinal fails to do so, JKF reserves the right to enforce any necessary provisions in Cardinal's unit franchise agreements. JKI and JKL are parties to the Regional Agreement. Moreover, Cardinal is a separate business entity and not a subsidiary of JKI, JKF or JKL.

### D. Plaintiff Constance Mouanda

Plaintiff formed the Company, which purchased and operated a unit franchise of Cardinal. The Company

---

[1] The Matsoumou's, LLC (the "Company") is a Kentucky limited liability company formed by Plaintiff Constance Mouanda ("Plaintiff") for the purpose of purchasing and operating a Jani-King unit franchise. (Footnote 1 in original.)

-3-

entered into a unit franchise agreement ("Unit Agreement") with Cardinal on February 28, 2018. The Unit Agreement provides the Company with the right to operate a franchise under the "Jani-King" name in the Territory and use the Jani-King cleaning system and proprietary marks licensed by Cardinal. JKI and JKL are not parties to the Unit Agreement, nor did they participate in the negotiations of its terms or otherwise make any representations to Plaintiff or the Company concerning the Unit Agreement. Cardinal holds the accounts serviced by the Company and established the sale price for the Company's franchise. Neither JKI nor JKL participated in these negotiations. While the Company, as a franchisee of Cardinal, has the right to implement a business model established by JKI, neither the Company's nor Plaintiff's performance of cleaning services is controlled by JKI or JKL. Additionally, while JKI had the ability to enforce the Unit Agreement between Cardinal and the Company to protect the "Jani-King" branding, JKI was not obligated to pay the Company or Plaintiff, and JKI's status as the owner of a national franchise brand did not make it a party to that agreement.

(Citations to appendices omitted.)

In January 2019, Mouanda filed a complaint against Cardinal and the Jani-King defendants for causes of action she alleged arose on February 28, 2018. Mouanda, who is not a native English speaker, alleged that she entered into agreements to become the owner of a Jani-King franchise on that day. In order to do so, she made a $6,000.00 down payment and was guaranteed to earn $2,000.00 per month by the contract. She claimed that the agreements amounted to 50 pages, which she did not have counsel review or have a reasonable opportunity to review

herself. These documents, she alleged, included corporate resolutions, LLC formation documents, and a franchise agreement setting forth the relationship between her and Jani-King. She claimed that she was fraudulently induced to sign the agreement, which required her to lease commercial cleaning equipment and purchase cleaning materials from the defendants.

Mouanda alleged that Jani-King structures its business to avoid providing its workers with employment law protections by deeming workers like her as franchisees. She was not paid a minimum wage for her work in violation of Kentucky Revised Statutes (KRS) 337.275 nor was she given information about hours worked in violation of KRS 337.070. She was not paid what she had bargained for. Mouanda claimed that the nature of the relationship between herself and Jani-King was identical to an employment relationship. She alleged that the contract she entered into with Jani-King was substantively unconscionable. As a result, Mouanda alleged causes of action for fraud based upon the material representations that she would earn over $2,000.00 per month, for a violation of Kentucky's minimum wage law, and for breach of contract based upon Jani-King's failure to offer her work that would provide her with $2,000.00 in income as promised and its refusal to refund her $6,000.00 down payment. Mouanda sought compensatory and punitive damages.

In lieu of an answer, Cardinal filed a motion to dismiss Mouanda's complaint for failure to state a claim pursuant to CR 12.02. It argued that she lacked standing to bring this cause of action because the franchise agreement was between Cardinal as the franchisor and The Matsoumou's, LLC as the franchisee. Mouanda, individually, did not have a contractual relationship with Cardinal and therefore could not bring suit against it. In addition, Cardinal asserted that Mouanda was an independent contractor performing work for her LLC. Therefore, she was not an employee, and Cardinal was not her employer. Cardinal also argued that Mouanda failed to plead her fraud claim with particularity. In the accompanying memorandum, Cardinal pointed out that the LLC had been incorporated on November 11, 2017, well before the franchise agreement was signed. The franchise agreement contained provisions in which Mouanda acknowledged that she was an independent contractor and that no employment taxes would be withheld by Cardinal.

The Jani-King defendants also filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief could be granted pursuant to CR 12.02. They asserted that the circuit court could not exercise jurisdiction over them because both entities were incorporated in Texas and did not have business operations or conduct business in Kentucky. In addition, they asserted that they were not Mouanda's employer, they had not made any

statement during the negotiation for the franchise agreement, and they had not breached the franchise agreement as they were not parties to the contract between the LLC and Cardinal.

Mouanda responded to both motions, first asserting that the defendants' ownership, operation, and interests were "so aligned as to make them one entity." Thus, she argued that piercing the corporate veil would be appropriate to hold the parent corporation liable. She went on to argue that Jani-King exercised a level of control over her that created an agency relationship between them. In addition, Mouanda stated that she was an employee of Cardinal, and thus she was entitled to prosecute her wage and hour claim as an individual, based upon the economic reality of her relationship with Jani-King and the control Jani-King exerted over her. She relied upon federal law to support this argument. Mouanda continued to argue that Cardinal and the Jani-King defendants committed fraud by requiring the unit franchisees to incorporate and by misrepresenting the benefits of a franchise. She described the push to incorporate and invest personal capital as "a scheme to obtain labor without following labor laws." Mouanda objected to the jurisdiction arguments, and she claimed to be the proper person to bring the fraud allegation. Finally, Mouanda acknowledged that she was not a party to the franchise agreement, individually, and stated she would be filing an amended complaint to add the LLC as a party for the breach of contract claim. Mouanda

believed discovery was necessary to detail the full scope of "the corporate entanglements." Cardinal and the Jani-King defendants filed separate replies disputing Mouanda's arguments.

On September 23, 2019, the circuit court entered a memorandum and order granting the motions and dismissing Mouanda's claims without prejudice. The court first addressed whether Mouanda lacked standing to bring the claims in the complaint. After summarizing the law related to standing when an LLC is involved, including the Opinion of *Turner v. Andrew*, 413 S.W.3d 272 (Ky. 2013), in which the Supreme Court of Kentucky held that an individual member of an LLC does not have the capacity to sue as a real party in interest, the circuit court observed and ruled as follows:

> Similar to *Turner*, Plaintiff was the sole owner and member in Matsoumou's LLC. The record reflects that Plaintiff acknowledged by her signature that she was provided documentation from Cardinal Franchising through a Franchise Disclosure Form, dated December 2, 2016, and by another Franchise Disclosure Form, dated October 16, 2017. The record also reflects that the Articles of Incorporation for Matsoumou's LLC were filed with the Kentucky Secretary of State on November 11, 2017. The record further reflects that Plaintiff, as president of Matsoumou's LLC, executed the Franchise Agreement with Cardinal Franchising on February 28, 2018. Thus, the Franchise Agreement appears to be between Matsoumou's LLC and Cardinal Franchising and, allegedly, Jani-King. Even if Cardinal Franchising was perpetrating a fraud in assisting Plaintiff to incorporate Matsoumou's LLC as Plaintiff asserts, Plaintiff cannot prove that she suffered any injury that

-8-

resulted from Cardinal Franchising's purported assistance in incorporating Matsoumou's LLC. As noted by the Supreme Court of Kentucky in *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999), "In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material misrepresentation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon 3) acted in reliance thereon and f) causing injury." *Id.* at 468, citing *Wahba v. Don Corlett Motors, Inc.*, 573 S.W.2d 357, 359 (Ky. App. 1978). All of the claims Plaintiff asserts in the Complaint related to actions allegedly taken subsequent to Plaintiff's execution of the Franchise Agreement, in her capacity as president of Matsoumou's LLC. Accordingly, Plaintiff lacks standing to assert the claims asserted in the Complaint in this action as a matter of law.

The court did not find any support for Mouanda's argument that she should be permitted to pursue her fraud claim under a modified theory of piercing the corporate veil. Concluding that Mouanda lacked standing to assert the claims in the complaint, the court dismissed the action without prejudice. This appeal now follows.

Our standard of review of a motion to dismiss filed pursuant to CR 12.02 for failure to state a claim upon which relief may be granted is set forth in *Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567, 570 (Ky. App. 2005):

A motion to dismiss should only be granted if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks' Union v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). When ruling on

the motion, the allegations in "the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Gall v. Scroggy*, 725 S.W.2d 867, 868 (Ky. App. 1987). In making this decision, the trial court is not required to make any factual findings. *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). Therefore, "the question is purely a matter of law." *Id*. Accordingly, the trial court's decision will be reviewed *de novo*. *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000).

With this standard in mind, we shall review Mouanda's claims.

For her first argument, Mouanda contends that the circuit court erred in finding that she did not have standing to sue under Kentucky's wage and hour laws. She asserts that the court should have applied an economic realities test adopted by the federal courts to determine whether she was an employee of Jani-King. In support, Mouanda cites to several federal cases that relate to whether an individual is an employee or an independent contractor, as well as to *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156 (10th Cir. 2018). The *Acosta* Court detailed the circumstances in that case and addressed whether the lower court should have applied the economic realities test:

> Jani-King is a janitorial company providing cleaning services in the Oklahoma City area. The company engages individuals, pairs of related individuals, or small corporate entities which are allegedly composed predominantly or entirely of single individuals or pairs of related individuals to perform janitorial work on its behalf through franchise arrangements. Jani-King recently began requiring individuals and pairs of related individuals—both those

-10-

already affiliated with Jani-King and those who are new —to form corporate entities, which then become the named parties to the franchise.

Following an investigation into Jani-King's employment practices, the Secretary of Labor filed a complaint against Jani-King, alleging violations of the Fair Labor Standards Act and seeking an injunction to require Jani-King to keep the requisite FLSA employee records. Specifically, the Secretary asserted that individuals who form corporate entities and enter franchise agreements as required by Jani-King "nonetheless personally perform the janitorial work on behalf of Jani-King" and, based on the economic realities of this relationship, are Jani-King's employees under the FLSA. (Appellant's Opening Br. at 5.)

Jani-King filed a motion to dismiss on two grounds: (1) under Rule 12(b)(6), the Secretary failed to plausibly suggest that every franchise owner should be treated as an employee under the FLSA, and (2) under Rule 12(b)(7), the Secretary failed to name the franchisees as necessary parties. The district court granted Jani-King's Rule 12(b)(6) motion and dismissed the Secretary's complaint without prejudice. The Secretary then filed an amended complaint alleging that the individuals who personally perform the janitorial cleaning work for Jani-King through the franchise arrangements are employees under the FLSA, and asking that Jani-King be required to keep records about those individuals. In response, Jani-King raised the same Rule 12(b)(6) and 12(b)(7) motions, arguing that the Secretary is not free to ignore its corporate organization. The district court again granted Jani-King's Rule 12(b)(6) motion—this time with prejudice—concluding the amended complaint "ignores corporate forms" and does not plausibly suggest the FLSA applies to all janitorial cleaners. (Appellant's App. at 183 & n.9.) The Secretary now appeals.

. . . .

> . . . [W]e conclude that the Secretary's amended complaint contains sufficient factual matter to state a facially plausible claim for relief. The complaint identifies individuals (those who "personally perform the janitorial cleaning work") who could qualify as Section 203(e)(1) "employees" under the economic realities test if all the Secretary's well-pleaded factual allegations about the nature of the relationship between Jani-King and these individuals are accepted as true and viewed in the light most favorable to the Secretary. The complaint also alleges that Jani-King has violated the FLSA as to these employees by failing to comply with recordkeeping requirements. These allegations are sufficient to state a claim at this stage of the proceedings. In so concluding, we make no determination as to the merits of the Secretary's case—we only hold that it survives this initial Rule 12(b)(6) motion to dismiss.

*Acosta*, 905 F.3d at 1158, 1161-62 (footnote omitted). Mouanda also cites to the federal case of *Williams v. Jani-King of Philadelphia, Inc.*, 837 F.3d 314 (3d Cir. 2016), in which the Third Circuit addressed class certification sought by two franchisees of Jani-King. We note that these franchisees were individuals rather than LLCs.

In their responsive briefs, the appellees argue that, because the franchisee in this case is an LLC, not Mouanda the individual, Mouanda lacks standing to pursue her claims against them. The Matsoumou's, LLC was created by Mouanda in November 2017, several months before the franchise agreement

-12-

between the LLC and Cardinal was signed on a date that Mouanda identified as the date her claim accrued.

KRS 275.010(2) specifically provides that "[a] limited liability company is a legal entity distinct from its members." In *Turner v. Andrew*, *supra*, the Supreme Court of Kentucky addressed the attributes of a limited liability company as follows, specifically citing to the language of KRS 275.010(2) and an LLC's legal distinction from its members:

> A limited liability company is a "hybrid business entity having attributes of both a corporation and a partnership." *Patmon v. Hobbs*, 280 S.W.3d 589, 593 (Ky. App. 2009). As this Court stated in *Spurlock v. Begley*, 308 S.W.3d 657, 659 (Ky. 2010), "limited liability companies are creatures of statute" controlled by [KRS] Chapter 275. KRS 275.010(2) states unequivocally that "a limited liability company is a legal entity distinct from its members." Moreover, KRS 275.155, entitled "Proper parties to proceedings," states:
>
>> A member of a limited liability company shall not be a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company, except if the object of the proceeding is to enforce a member's right against or liability to the limited liability company or as otherwise provided in an operating agreement.
>
> Not surprisingly, courts across the country addressing limited liability statutes similar to our own have uniformly recognized the separateness of a limited liability company from its members even where there is only one member. *See*, *e.g.*, *O'Reilly v. Valletta*, 139

-13-

Conn.App. 208, 55 A.3d 583 (2012) (sole member of LLC lacked standing to bring suit personally where LLC was party to lease and operated the restaurant at issue); *Krueger v. Zeman Construction Co.*, 758 N.W.2d 881 (Minn. App. 2008) (individual who was sole member of LLC had no standing to bring business discrimination suit in her own name where relevant contract was between LLC and corporation engaged in construction business); *Bankston v. Tasch, LLC*, 40 So.3d 495 (La. App. 2010) (even where LLC has sole member it is entity separate and distinct from that member in terms of procedural capacity); *FTC v. Payday Financial, LLC*, 935 F.Supp.2d 926 (D.S.D. 2013) (limited liability companies organized under South Dakota law are separate and distinct legal entities from their sole member). It is indisputable that KRS 275.010(2) and .155 similarly mandate that Billy Andrew, Jr. Trucking, LLC be the named plaintiff in any suit asserting a lost business income claim rightfully belonging to the LLC.

The Court of Appeals reasoned that because Andrew was the sole owner of the business he was necessarily the real party in interest, a status that allowed him to properly advance the lost profits claim in his own name rather than in the name of the LLC. The theory of interchangeability underpinning this position was explicitly rejected by this Court in *Miller v. Paducah Airport Corp.*, 551 S.W.2d 241 (Ky. 1977) in the context of a solely-owned corporation. In *Miller*, the president of a corporation that operated a cab service brought suit in his individual capacity against an airport challenging the legality of a lease. *Id*. at 242. The Court held that the corporation was "an entity, separate, apart and distinct from [Mr. Miller] himself," despite the fact that Mr. Miller owned the entirety of the corporation's stock. *Id*. This Court concluded that the corporation, and not Mr. Miller in his personal capacity as the corporation's president, was the real party in interest to the claim, declaring that such a distinction "is not trivial nor supertechnical." *Id*. at 243. The same conclusion is

> mandated here. The LLC and its solitary member,
> Andrew, are not legally interchangeable. Moreover, an
> LLC is not a legal coat that one slips on to protect the
> owner from liability but then discards or ignores
> altogether when it is time to pursue a damage claim. The
> law pertaining to limited liability companies simply does
> not work that way.

*Turner*, 413 S.W.3d at 275-76 (footnote omitted).

Based upon the holding above, we must agree with the appellees that

Mouanda lacked standing to bring suit against any of them. "To have standing to

sue, one must have a judicially cognizable interest in the subject matter of the

suit." *Bailey v. Preserve Rural Roads of Madison County, Inc.*, 394 S.W.3d 350,

355 (Ky. 2011). The proper plaintiff for this complaint should have been The

Matsoumou's, LLC, the named franchisee in the franchise agreement with

Cardinal. And as the Jani-King appellees argued, Mouanda's citations to the two

federal Jani-King decisions do not support her assertions herein. The *Acosta* Court

did not decide whether an individual has standing to pursue a claim after the

formation of an LLC, but merely held that the Secretary of Labor had survived the

motion to dismiss, and the *Williams* case did not include franchises that were

entered into by an incorporated entity. Therefore, we must hold that the circuit

court properly dismissed Mouanda's complaint.

Based upon this holding, we need not reach the rest of Mouanda's

allegations of error.

-15-

For the foregoing reasons, the order of the Jefferson Circuit Court dismissing Mouanda's complaint without prejudice is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Ryan Fenwick
Louisville, Kentucky

BRIEF FOR APPELLEES JANI-KING INTERNATIONAL, INC., AND JANI-KING LEASING CORP.:

Thomas J. Birchfield
Paul E. Goatley
Louisville, Kentucky

BRIEF FOR APPELLEE CARDINAL FRANCHISING, INC., D/B/A JANI-KING OF LOUISVILLE:

Randall S. Strause
Andrew J. Williams
Louisville, Kentucky